HAWTHORNE, Justice.
 

 Plaintiff Albert Harris, the beneficiary named in an insurance policy on the life of his deceased mother, Mrs. Henriette Dufour Mayeux, issued by the Guaranty Income Life Insurance Company in the principal amount of $5,000', instituted this suit to recover the face amount of this policy. After trial on the merits there was judgment rejecting his demands and dismissing his suit, and he has appealed.
 

 The insurance policy in the instant case was dated May 4, 1949, and called for an annual premium of $261.35. The premium for the second year, which fell due on May 4, 1950, was not paid, and the policy lapsed for nonpayment of this annual premium. After the policy lapsed, the agent or solicitor of the defendant insurance company called upon the plaintiff three or four times in an effort to have him reinstate the policy on the life of his mother, but the plaintiff beneficiary informed him that he did not have sufficient funds available for this purpose, although the record discloses that he owned property at that time having a value of approximately $75,000. On September 4, 1950, after the policy had lapsed, the insured, plaintiff’s mother, consulted Dr. Hardy in Alexandria on the advice of her family physician. Dr. Hardy at that time tentatively diagnosed her ailment as cancer. She was hospitalized, and this diagnosis was confirmed by surgical procedure on September 7, 1950. The insured was discharged from the hospital on September 10. Three days later the plaintiff
 
 *155
 
 informed the insurance agent that he was ready to have the policy reinstated, and accordingly the application for reinstatement was filled out, plaintiff paid the premium which was in default, and on September 19, 1950, the policy was reinstated. Seven months later, on April 18, 1951, the insured died of the cancer which had been previously diagnosed by Dr. Hardy and for which she had been receiving treatment since th^at diagnosis up until the time of her death.
 

 The application for reinstatement reads in part as follows:
 

 “I Hereby Apply for reinstatement of the above numbered Policy, and for the purpose of inducing said Company to reinstate said Policy and with the understanding that it will rely and act on what I here say, I represent to it that
 
 I am
 
 now,
 
 to the best of my knowledge and belief, in good health; that within the past twelve months I have not suffered any illness or bodily injtiry nor have I consulted with or been treated by any physician
 
 nor have I been prevented by illness or accident from continuously pursuing my customary occupation which is the same now as it was when I applied for the said Policy; that I am withholding no material facts and know no reason why I am not a good risk * * *.
 

 “* * * if true answers are not given by me in response to each of the above matters inquired of me, any reinstatement of the said Policy made upon this application shall be void and without effect. * * *” (Italics ours.)
 

 The statements made as to the condition of the health of the insured in the application for reinstatement for the purpose of inducing the insurance company to reinstate the policy were, of course, untrue or false, as the insured at that time had, and was receiving treatment for, the cancer from which she subsequently died. However, the record gives no indication that the insured herself ever knew as a matter of fact that application for reinstatement of the lapsed policy had been made.
 

 The beneficiary, the plaintiff in this suit, could not read or write, and according to-the testimony of the defendant insurance-company’s agent who was called as plaintiff’s witness, he (the agent) filled out the-application and signed it with the name of the insured and mailed it to the company without reading it to the plaintiff. He testified positively that he had no knowledge of Mrs. Mayeux’ illness. He had some-slight recollection that he had inquired of plaintiff about his mother’s health and was-informed that she was all right — in good health.
 

 The rule prevails in this state-that an insurance agent in procuring an application for insurance and in reducing it to writing acts as the agent of the insurer. Under this rule, when an agent acting under the scope of his authority undertakes.
 
 *157
 
 to fill out, and does fill out, an application for a policy of insurance, his acts, representations, and mistakes are those of the insurance company, in consequence of which, if the agent by reason of mistake, fraud, omission, or negligence inserts erroneous or untrue answers to the questions contained in the application, these representations bind the insurer but are not binding upon the insured,
 
 provided he (the insured) is justifiably ignorant thereof, has no actual or implied knowledge thereof, and has been guilty of no bad faith or fraud.
 
 Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407; Beene v. Southern Casualty Co., 168 La. 307, 121 So. 876; Parker v. Citizens Fire Insurance Company of Missouri, 4 La.App. 711; Willhite v. Hartford Fire Ins. Co., 8 La.App. 538.
 

 The rule is stated as follows in 5 Cooley’s Brief on Insurance (2d ed.), pp. 4120, 4131:
 

 “Where the application is filled up by the agent, and signed by him in the name of the insured, without the latter’s knowledge and without any declaration by him, the company is estopped from interposing the falsity of any of the representations as a defense to the policy.
 

 ******
 

 “The rule that the insured is not responsible for false answers in the application, where they have been inserted by the agent through mistake, negligence, or fraud, is not absolute. The decisions supporting the doctrine are usually based on the theory that
 
 the insured has acted in good faith throughout,
 
 and that the false answers were inserted without his knowledge or consent.” (Italics ours.)
 

 See also 2 Couch, Cyclopedia of Insursurance Law, sec. 524, pp. 1528 et seq.; 12 Appleman, Insurance Law and Practice, sec. 7307, p. 431; 29 Am.Jur., Insurance, secs. 843, 844, 847, pp. 641, 642, 645; 45 C.J.S., Insurance, §§ 729, 732, pp. 735, 740.
 

 The basis of the rule .would make it applicable also to a case where.it is the beneficiary who deals .with the insurance agent with reference to the reinstatement of a life insurance policy, and the same rule that requires an insured to be in good faith where misrepresentations by the agent are made would also require good faith on the part of the beneficiary dealing with the agent in regard to the insurance. Accordingly we must determine in the instant case whether the beneficiary, the plaintiff herein, in securing the reinstatement .of the lapsed policy acted in good, faith throughout and whether there has been,, any b.ad faith or fraud on his part.
 

 The plaintiff by his testimony tried to convince the court that he was in total ignorance of his mother’s serious illness when he applied for the- reinstatement, that he believed her to be in excellent health until a few weeks before her death, and that he had no knowledge that cancer was the cause of her death even at the time of the
 
 *159
 
 trial. We are convinced, as was the district judge, that his testimony is not believable and that the facts and circumstances show his bad faith.
 

 The illness of the deceased insured was diagnosed positively as cancer on September 7, and she was released from the hospital uncured on September 10. While the insured was still in the hospital, the physician who made the diagnosis informed her of her condition and also at that time discussed this diagnosis with the plaintiff or his wife. The doctor was positive in any event that he discussed the mother’s condition with Mr. Harris at some time during her treatment. Mr. Harris denied that the doctor ever discussed his mother’s condition with-him. He admitted that he took his mother to see the doctor at the hospital a few times, but he said he could not remember whether he took her before or after applying for the reinstatement. He conceded that he took his mother to the hospital for X-ray treatments, and that his wife told him his mother was ill, but, according to him, his wife told him only that his mother had “female trouble”. The circumstance that three days after she was discharged from the hospital the plaintiff beneficiary requested the reinstatement of the lapsed policy, together with all the other facts, convinces us beyond any doubt that, at the time the beneficiary requested the lapsed insurance policy to be reinstated, he was well aware that his mother had cancer. Plaintiff’s wife had cancer, and there was a history of cancer in the plaintiff’s family, and no doubt he was fully cognizant of the seriousness of this disease.
 

 The district judge in rejecting plaintiff’s demands informs us in his reasons for judgment that he was of the opinion that the plaintiff knew all along of his mother’s condition. We are fully in accord with his finding of bad faith, and consequently this bad faith bars plaintiff from recovery.
 

 For the reasons assigned the judgment appealed from is affirmed, appellant to pay all costs.