AYRES, Judge.
Plaintiffs, husband and wife, instituted this action to recover certain expenses of hospitalization and medical care incurred as the result of an alleged back injury sustained by the wife August 5, 1956, together with penalties and attorney’s fees pursuant to the provisions of LSA-R.S. 22:657. Recovery is sought against the defendant under the terms of a health and accident insurance contract, effective as of October 1, 1954, issued by defendant to the plaintiff, Mrs. Casaleen Miller, pursuant to her application of September 21, 1954.
From a judgment condemning the defendant in the sum of $236.95 for hospital and medical expenses, plus an equal amount as penalties, and for $150 attorney’s fees, with legal interest from judicial demand until paid, and for costs, the defendant was granted and has perfected suspensive and devolutive appeals to this court.
The record is uncontroverted that plaintiff, Mrs. Casaleen Miller, sustained accidental injuries, in the treatment of which expenses for hospitalization and medical care were incurred in the aforesaid sum of $236.95. On August 5, 1956, while playing on her lawn with her granddaughter, plaintiff, while sitting in a chair, with the granddaughter, weighing approximately 75 pounds, sitting in her lap and attempting to hold plaintiff down, srtffered, on attempting to arise, sudden excruciating pain in the area of her lower back, on account of which and the disability resulting therefrom, she was immediately transferred to the St. Francis Hospital in Monroe, where she remained under treatment of Dr. Faheam Cannon, an orthopedist, and of Dr. F. J. Wiley, an internist, as well as of Dr. W. B. Liles, a general practitioner, for a period of 12 days. Dr. Cannons’ diagnosis, concurred in by the other experts, was that plaintiff sustained a severe lumbosacral strain as a result of the aforesaid accident.
Proof of plaintiff’s claim was duly filed with defendant, which declined payment, notwithstanding its obligation to reimburse plaintiff the expenses for hospitalization and medical care resulting from accidental bodily injury sustained by her while the insurance contract was in effect. The defendant resists plaintiff’s demands on the ground that the insurance policy was ob *325 tained by plaintiff by reason of misrepresentation and fraud in that plaintiff, in making application therefor, failed to disclose the existence of a previous back condition for which she had been and was then being treated. This contention is predicated upon plaintiff’s answers to the questions contained in the application for the insurance, in which she revealed she had undergone a gall bladder operation April 16, 1954, but to the question as to whether she had secured “any other medical or surgical advice or treatment or operation in the past five years”, she answered “No”, notwithstanding during 1954 she had been examined and treated by Dr. Cannon and Dr. Liles, who had made a diagnosis of arthritis of the lumbar vertebrae 4 and 5 and the first sacral vertebra, with nerve root irritation. This finding of arthritic changes, characterized as arthro-sis, was made September 9, 1954, wherein it was observed the joints themselves were involved. Following this diagnosis, plaintiff returned home and the treatment recommended was an anodyne for the relief of pain, use of a firm bed, heat to the back and absolute rest. Plaintiff was under the doctors’ observation and treatment from August to October, 1954. However, it may be pointed out there was neither a specific affirmation nor denial that plaintiff had suffered from arthritis. In answer to the question on the point, the agent merely wrote “See above”. Reference to the application discloses no pertinent questions or answers.
Were the aforesaid the only proof, defendant’s position would merit serious consideration. However, the record establishes that plaintiff did not solicit this insurance policy. She was sought out by defendant’s agent. He insisted upon her making the application and securing the insurance. In the course of the negotiations plaintiff expressed doubt that the defendant would issue her a policy. Nevertheless, the agent insisted that plaintiff, a strong, robust woman, 43 years of age, able to do and doing her household work and assisting on the farm with milking cows and feeding livestock, would experience no difficulty in obtaining the insurance.
According to Mrs. Miller’s testimony, as well as that of her daughter, who was present and heard the discussions, plaintiff made a full and complete disclosure to defendant’s agent of her condition of health at the time and as to her previous treatments and operations. This testimony is in the record, uncontroverted and uncon-tradicted. Defendant neither produced its agent as a witness nor procured his testimony, nor is its failure in that regard accounted for. The agent completed the application by filling in the answers after plaintiff had given him the facts. There is no showing in the record that plaintiff was guilty of bad faith or that she failed to disclose to defendant’s agent any previous condition of health, nor is there any showing of any actual or implied knowledge on her part that the application was not filled in truthfully and correctly by defendant’s agent.
Pertinent to the facts of this case is an expression of the Supreme Court in Telford v. New York Life Insurance Co., 227 La. 855, 80 So.2d 711, 713:
“The jurisprudence of this State and the law generally prevailing is that if an application for insurance is drawn by an agent of the insurer, who fills in false answers to the interrogatories contained therein, which are truthfully answered by the insured, where the latter acted in good faith and had no knowledge that his- answers were not correctly recorded, and in the absence of circumstances from which constructive knowledge of falsity might be imputed to him, the insurer cannot rely upon the falsity of such answers in seeking to avoid liability under the policy issued upon the application.” Harris v. Guaranty Income Life Ins. Co., 226 La. 152, 75 So.2d 227; Hardy v. Commercial Standard Ins. Co., 172 La. 500, 134 So. 407; *326 Willhite v. Hartford Fire Ins. Co., 8 La.App. 538; Parker v. Citizens Fire Ins. Co., 4 La.App. 711; 29 Am.Jur. 643-644, “Insurance”, § 846, Note 18; 117 A.L.R. 790, 792; Beene v. Southern Casualty Co., 168 La. 307, 121 So. 876.
The rule, therefore, prevailing in this State is that an insurance agent, in procuring an application for insurance and in reducing it to writing, acts as the agent of the insurer. Under this rule, when an agent, acting within the scope of his authority, undertakes to fill out and complete an application for a policy of insurance, his acts, representations and mistakes, if any, are those of the insurance company, the consequence of which is that, if the agent by reason of mistake, fraud, omission or negligence inserts erroneous or untrue answers to the questions contained in the application, such representations bind the insurer but not the insured, provided the insured is justifiably ignorant thereof, has no actual or implied knowledge thereof, and has been guilty of no bad faith or fraud. Harris v. Guaranty Income Life Co., supra; 5 Cooley’s Brief on Insurance, 2d ed., pp. 4120-4131; 2 Couch, Cyclopedia of Insurance Law, sec. 524, pp. 1528 et seq.; 12 Appleman, Insurance Law and Practice, sec. 7307, p. 431; 29 Am.Jur., “Insurance”, secs. 843, 844, 847, pp. 641, 642, 645, respectively; 45 C.J.S. Insurance §§ 729, 732, pp. 735, 740, respectively.
The conclusion is, therefore, inescapable that defendant has not sustained the burden of its special defense. The evidence establishes the contrary. The testimony of plaintiff and her daughter as to the circumstances under which the application for insurance was made stands uncontradicted. Defendant’s agent filled out the application on the basis of the answers to his questions given by plaintiff, during the course of which plaintiff made a full disclosure to the agent of her previous back trouble. There is no evidence of concealment or misrepresentation.
Nor do we find any merit in defendant’s contention as to the infliction of penalties under the provisions of the statute. There is no question as to the prompt filing of plaintiff’s claim, nor is there any opposition interposed by the defendant as to the form thereof. The proposition that a penalty under the statute will not be inflicted, where just and reasonable grounds exist in support of a refusal to pay, does not admit of argument since it is predicated upon the language of the statute, (LSA-R.S. 22:657) which provides that all claims shall be paid not more than 30 days from the date upon which the written notice and proof of claim are furnished to the insurer, “unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist.”
Moreover, the record is barren of any effort on the part of the defendant to determine for itself the true facts as to plaintiff’s claim. No showing is made that it made an investigation of any kind or character. Neither did it produce its agent or obtain his testimony, as heretofore pointed out. Apparently, when defendant denied liability, it did so without an investigation of any kind to justify the merits, if any, of its position. Such failure not only justifies but requires the imposition of the statutory penalties for the refusal to pay. Campasi v. Mutual Benefit Health & Accident Ass’n, 207 La. 758, 22 So.2d 55; Bankson v. Mutual Benefit Health & Accident Ass’n, 208 La. 1008, 24 So.2d 59; Nomey v. Pacific Mutual Life Ins. Co., 212 La. 820, 33 So.2d 531, 534, 1 A.L.R.2d 946.
In the latter case, it was stated:
“The trial judge imposed the statutory penalties on the ground, as reflected by the reasons he gave for his judgment, that the defendant made no showing whatsoever that any effort was made by it to ascertain the truthfulness of the plaintiff’s claim from the time the claim was first made until the suit was filed, and for the further *327 reason that the defendant continued to oppose the plaintiff’s claim after having received the information of the plaintiff’s- condition.”
For these reasons, finding no manifest error in the judgment appealed, it is affirmed at appellant’s cost.
Affirmed.