CULPEPPER, Judge.
In this suit plaintiff seeks to recover from the defendant benefits of $200 per month, during the period of his disability from a ruptured intervertebral disc, under the provisions of a health and accident insurance policy issued by the defendant insurance company. The defense is that when defendant’s agent took the application for the policy, plaintiff fraudulently and falsely stated he had not had any injury or disease of the back in the last five years. After trial on the merits the district judge awarded plaintiff monthly benefits, but denied penalties and attorney’s fees. Defendant appealed. Plaintiff answered the appeal, seeking penalties and attorney’s fees.
Defendant appellant does not question plaintiff’s disability nor the occurrence of an accident. The sole question is whether plaintiff was guilty of fraudulent misrepresentations to the agent, sufficient to bar recovery.
The record reveals that the plaintiff, at the time he applied for insurance, was a rice farmer of very limited education. When defendant’s agent called on him to sell the insurance in question, plaintiff was asked by the agent the usual questions concerning his present physical condition and his medical history. The agent wrote the answers on the application which was then signed by the plaintiff. The application shows that the defendant’s agent, in response to the question “Have you ever had any of the following: Injury to or disease of back or spine?” wrote the word “no”.
The policy was dated November 9, 1960, and the accident causing plaintiff’s present disability occurred on or about April 22, 1961. Defendant, in investigating plaintiff’s claim, learned that he had consulted a chiropractor in 1957 and 1960 for pains in the lower back. Also, some seven years prior to the accident giving rise to this suit, plaintiff had consulted an orthopedic surgeon who prescribed a corset to alleviate plaintiff’s back pains.
The plaintiff testified that he made a full disclosure of his previous back difficulties, and of his treatment by both the doctor and the chiropractor, at the time the application was taken by the insurance agent. The agent was equally insistent that plaintiff at no time made any mention of the previous back pathology and that, if he had, it would have been noted on the application.
No one else was present when the application was taken except plaintiff’s wife, whose testimony was substantially the same as her husband’s except that she testified her husband told the agent he was having trouble in his shoulders, and made no mention of having any back pains. We feel that even though the wife may have remembered *248 her husband stating he was having pains in his shoulder, rather than his back, her testimony does not impeach, but actually corroborates her husband.
Plaintiff offered the testimony of four other policy holders of the defendant company, as well as copies of the applications, >vhich had been procured in the same manner and by the same agent as in this case. In all four cases the applications were identical to that of Mr. Olivier’s with the exception of the applicant’s name and address. All of these witnesses testified that they had told this same agent of various ailments or injuries. The applications of these witnesses show that the agent made no mention of the illnesses or injuries as related to him by these applicants.
On this factual issue, involving largely the credibility of witnesses, the trial judge found that plaintiff had told the agent of his prior back trouble, but the agent did not make any mention thereof in the application. There is ample evidence in the record to support this conclusion. The obvious motive of the agent, for making these false applications, was, as shown by the record, to obtain the substantial commissions paid to an agent on a new policy.
It is well settled in this state that when an insurance agent takes upon himself the task of filling out an application for a policy, he is the agent of the insurer. As a consequence, any erroneous or untrue answers to questions contained in the application bind the insurer but not the insured, provided the insured justifiably has no knowledge of the omissions or mistakes by the agent and has been guilty of no fraud or bad faith. See Harris v. Guaranty Income Life Ins. Co., 226 La. 152, 75 So.2d 227, Telford v. New York Life Ins. Co., 227 La. 855, 80 So.2d 711 and Miller v. Preferred Life Ins. Co., La.App., 107 So.2d 323.
Applying this rule of law to the instant case, the false statements made by the agent in the application are binding on the defendant and do not constitute a defense to plaintiff’s suit. Furthermore, the plaintiff was justifiably ignorant of these false statements. He had only a fifth grade education, was unable to read well and relied on the agent to correctly write the application. There is no evidence that plaintiff was guilty of fraud or bad faith.
We are in accord with the trial court that the defendant’s denial of plaintiff’s claim was not so arbitrary or capricious as to justify an award of penalties and attorney’s fees. Defendant had a serious factual defense, which it was entitled to make.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.