192 So.2d 887 (1966)
Florence MOREIN et vir, Plaintiffs-Appellees,
v.
AMERICAN PHYSICIANS INSURANCE COMPANY, Defendant-Appellant.
No. 1869.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
Rehearing Denied January 5, 1967.
*888 Weber & Weber, by Richard W. Langford, Baton Rouge, for defendant-appellant.
Fusilier, Pucheu & Soileau, by A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before TATE, FRUGÉ, and SAVOY, JJ.
TATE, Judge.
This is a suit by a wife and her husband against the wife's insurer ("American Physicians"). The policy issued by American Physicians provided for indemnity for hospital and surgery expenses. The trial court awarded the plaintiffs the full amount of benefits due under the policy and, additionally, penalties and attorney's fees for the defendant's unreasonable failure to pay timely a claim arising under its health and accident policy. See LSA-R.S. 22:657.[1]
The defendant's appeal questions only the trial court's allowance of statutory penalties. The plaintiffs answer the appeal, requesting an increase in the penalty attorney's fees.
The policy was issued on February 9, 1965, insuring "Florence Morein". She was seriously injured in an automobile accident of July 26th. The insurer no longer denies that hospital and surgery benefits of $2,226.49 were due under the policy. By its answer in the trial court, however, it denied liability on the contention that Mrs. Morein had made a material misrepresentation to the insurance agent who sold her the policy, to the effect that no policy insuring her had ever been cancelled. (This defense was without merit, as will be shown.)
By its appeal, American Physicians seeks to exculpate itself from the statutory penalties awarded by the trial court, namely, an additional $2,226.49 as penalty and the sum of $1,000 as reasonable attorney's fees. American Physicians contends that under the statute it was entitled to deny liability without penalty because its denial was based upon "just and reasonable grounds, such as would put a reasonable and prudent business man on his guard". LSA-R.S. 22:657 (quoted in full, Footnote 1).
The uncontradicted facts show:
The policy of February 9th was issued as a result of an application taken on January 25th. The company's commission agent, Parker Long, himself filled in the questionnaire after Mrs. Florence Morein signed it. Without questioning Mrs. Morein, Long had written "No" to a question as to whether she had ever had an insurance policy cancelled.
This response was false, as Long well knew. Long himself had on July 22, 1964, *889 just six months earlier, sold her a similar policy issued also by American Physicians. The policy was issued in the name of "Claude Morein", her husband; but the application and company records showed the insured wife's name to be "Florence", the same as that shown by the present policy.
American Physicians had cancelled this earlier policy a few weeks before the application was taken for the second policy. In fact, as Mrs. Morein testified without contradiction, Long told her that he had come to re-write the new policy because American Physicians had not really intended to cancel her former hospitalization coverage.
The policy defense that there was a misrepresentation is of course completely without merit. The acts of an insurance agent in filling out an application form falsely are the acts of his principal, the insurer, and they do not bind the innocent insured nor bar recovery by him or his beneficiaries. Fruge v. Woodmen of the World Life Insurance Society, La.App. 3 Cir., 170 So.2d 539, and decisions there cited.
Furthermore, the company's action in formally denying liability in this suit was not reasonably based. The company had been informed by letter of November 19th of the circumstances revealed by the uncontradicted evidence, namely, that Mrs. Morein had not misrepresented the cancellation by the present defendant of its former policy to her and that any incorrect notation was solely the act of the company's own agent. So far as the record shows, the company made no investigation of Mrs. Morein's claim.
Nevertheless, following the plaintiffs' filing of their suit sixty days later, the company by its answer of February 4th formally denied liability based only upon this alleged (non-existent) misrepresentation. It made no effort to prove any misrepresentation by Mrs. Morein, for instance not producing any testimony by its agent, Long.
Following suit, the insurer resisted liability solely upon its most improbable defense that Mrs. Morein had attempted to hide from the company and the agent the circumstance that this same company had recently cancelled a policy sold her by this very same agent. (That the agent knew the previous policy had been cancelled is self-evident from the application form of January 25th itself. In reply to a question, the agent noted "No", that Mrs. Morein did not then carry any other hospitalization insurance with American Physicians or any other company.)
The insurer apparently preferred to resist liability upon its technical and tenuous defense rather than to evaluate the legal and factual inefficacy of its position and then pay within thirty days of proof of loss and demand as required by statute. The courts have consistently held health and accident insurers liable for statutory penalties where for similar reasons they have denied liability to their policyholders upon legal or factual defenses which upon investigation would prove to be insubstantial. Bankson v. Mutual Ben. Health & Accident Ass'n., 208 La. 1008, 24 So.2d 59; Miller v. Preferred Life Insurance Co., La.App. 2 Cir., 107 So.2d 323. See also Gleason v. Bankers Life & Casualty Co., La.App. 2 Cir., 147 So.2d 86.
By answer to the appeal, the plaintiffs-appellants request that the penalty attorney fees awarded them be increased. Under the showing of this record, these fees are reasonable for the cost of trial and appeal. No increase will therefore be granted.
Decree.
The trial court judgment is affirmed at the cost of the defendant-appellant.
Affirmed.
NOTES
[1] LSA-R.S. 22:657 provides: "A. All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B [Subs. B is not applicable to this case] shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases. * * *"