AYRES, Judge.
A rehearing was granted to afford an opportunity for a reconsideration of plaintiff’s demands for penalties and attorney's fees awarded by the trial court and denied by this court in our original opinion.
No need exists for a further detailed statement of the facts. They are substantially set forth in our original opinion.
Plaintiff’s claim for penalties and attorney’s fees is based on defendant’s failure to pay plaintiff’s claim under a hospital and surgical policy issued by defendant within a period of 30 days from the date upon which written notice and proof of claim were furnished to the insurer, as required by the provisions of LSA-R.S. 22:657. This section of the statute further declares:
“Failure to comply with the provisions of this Section [with reference to making *423 timely payments] shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court." (Emphasis supplied.)
In denying liability, defendant contended plaintiff-insured made false statements in his application for insurance coverage, and thus his right to recover under the policy was barred. The trial court nevertheless awarded plaintiff the principal of his claim and an equal amount thereof of $406.98 as penalties and $600.00 as attorney’s fees.
On the basis of our initial finding that the actions of the defendant were not arbitrary or capricious because the insurer was in possession of an application which, on its face, indicated to the insurer that a misrepresentation of the facts existed in the insured’s application, we concluded that the refusal of defendant to pay plaintiff’s claim was neither arbitrary nor capricious. Therefore, the judgment appealed, so far as the allowance of penalties and attorney’s fees were concerned, was reversed. From our review of the record on rehearing, we are convinced that our original conclusion in this respect was erroneous.
In the case of Morein v. American Physicians Insurance Company, 192 So.2d 887, 889 (La.App., 3d Cir. 1966), the court was presented with a factual situation similar to that in the instant case. There the defendant denied liability under a hospital and surgical policy on the basis of a false answer to a question contained in the application. Without questioning Mrs. More-in, defendant’s agent wrote “No” in answer to a question as to whether she had ever had an insurance policy canceled. This response was false, as the agent well knew, for just six months previously he had sold her a similar policy issued by the same insurer. The defendant in that cause canceled the earlier policy only a few weeks before the application was taken for the second policy. The agent represented to the insured that he had come to her to rewrite a new policy because his company had not really intended to cancel her former hospitalization coverage. Our brethren of the Third Circuit held there was no merit in the policy defense urged by the defendant and stated:
“The acts of an insurance agent in filling out an application form falsely are the acts of his principal, the insurer, and they do not bind the innocent insured nor bar recovery by him or his beneficiaries.”
See, also:
Frugé v. Woodmen of World Life Insurance Society, 170 So.2d 539 (La.App., 3d Cir. 1965)
and the decisions therein cited.
Appropriate to the situation existing in the instant case is the holding in Olivier v. Pennsylvania Life Insurance Company, 146 So.2d 246, 248 (La.App., 3d Cir. 1962), to the effect that when an insurance agent prepares an application for an insurance policy he acts as agent of the insurer, and any erroneous or untrue answers to questions contained in the application bind the insurer but not the insured, provided the insured justifiably had no knowledge of the omissions or mistakes of the agent and had been guilty of no fraud or bad faith. In this connection, see, also:
Harris v. Guaranty Income Life Insurance Company, 226 La. 152, 75 So.2d 227 (1954);
Telford v. New York Life Insurance Company, 227 La. 855, 80 So.2d 711 (1955);
Miller v. Preferred Life Insurance Company, 107 So.2d 323 (La.App., 2d Cir. 1958 — cert. denied).