ON REHEARING
That plaintiff made no misrepresentation to defendant’s agent concerning his prior medical history in procuring the insurance clearly appears from the record. The agent testified, at one point, he did not *424 even question plaintiff as to whether he had been hospitalized during the past two years, though he admitted writing the answer to the appropriate question. However, as found by the trial court, defendant’s agent did question plaintiff relative to his state of health, prior treatment, and hospitalization. Plaintiff answered these questions correctly, but the answers given were not the same as those recorded in the application. Plaintiff had no knowledge that the answers were false until after making claim for the benefits provided by the policy. The facts with reference to the agent’s interrogation of plaintiff and plaintiff’s answers to the questions were testified to not only by plaintiff and his wife but by three disinterested witnesses who stated they were present in plaintiff’s store when the plaintiff’s application for insurance was taken and signed.
With reference to the agent’s relationship with the defendant, it may be pointed out that his authority did not extend merely to the solicitation of insurance and the acceptance of applications therefor, but he was state manager for the defendant for the State of Louisiana. Included in his duties were the hiring, supervising, and training of men to work for defendant, as well as the selling of insurance himself. Clearly, under this relationship, the agent’s knowledge of the actual facts concerning the taking of the application is imputable to his principal under the rule that an insurance agent acts as an agent for the insurer when he assumes the responsibility of filling out applications for insurance coverage. See:
Olivier v. Pennsylvania Life Insurance Company, supra;
Frugé v. Woodmen of World Life Insurance Society, supra;
Morein v. American Physicians Insurance Company, supra.
Moreover, under the aforesaid state of facts, the defendant’s action in denying liability was not reasonably based. Although charged with the knowledge of the facts possessed by its soliciting and state agent, the defendant, so far as the record discloses, made no investigation to ascertain why the false answers were recorded by its agent in plaintiff’s application.
Appropriate here is a further observation made in the Morein case, supra:
“The insurer apparently preferred to resist liability upon its technical and tenuous defense rather than to evaluate the legal and factual inefficacy of its position and then pay within thirty days of proof of loss and demand as required by statute. The courts have consistently held health and accident insurers liable for statutory penalties where for similar reasons they have denied liability to their policyholders upon legal or factual defenses which upon investigation would prove to be insubstantial.” (Emphasis supplied.)
See, also:
Bankson v. Mutual Ben. Health & Accident Ass’n, 208 La. 1008, 24 So.2d 59 (1945);
Miller v. Preferred Life Insurance Company, supra;
Gleason v. Bankers Life & Casualty Company, 147 So.2d 86 (La.App., 2d Cir. 1962).
Thus, it can only be concluded that in the absence of an investigation the defendant’s refusal to settle plaintiff’s claim was not reasonable but arbitrary and capricious, and forms an additional basis warranting plaintiff’s recovery of penalties and attorney’s fees.
No issue exists as to the quantum of the awards. Penalties are determined by statute and are fixed in a sum equal to the principal award. Attorney’s fees are fixed and determined by the court as reasonable under the particular facts and circumstances of the case. No abuse of discretion is *425 urged or shown. Our review of the record discloses no abuse of discretion vested in the trial court.
For the reasons herein assigned, it is now ordered that the judgment appealed be, and it is, accordingly affirmed at defendant-appellant’s costs.
Affirmed.