SAVOY, Judge.
Plaintiff filed this suit on a certificate of participation in an accidental injury and death group policy seeking certain benefits provided for in said policy. Defendant filed an answer stating that at the time of the accident plaintiff was under the influence of alcohol, and that the policy did not cover plaintiff under those circumstances.
After a trial on the merits, the court allowed an award under the policy, and also granted plaintiff penalties and attorney’s fees.
The facts are not in serious dispute. Plaintiff purchased his policy from defendant through its authorized agent, Mr. Emile Steckler, of Ville Platte, Louisiana, on April 1, 1968. On November 4, 1968, plaintiff was involved in a serious automobile accident. Plaintiff was driving in a westerly direction on U. S. Highway 190, but was in the wrong lane of traffic and struck a truck. At that point U. S. Highway 190 was a divided highway with two lanes on each side of the divider. Shortly after the accident, State Trooper Toups arrived at the scene of the accident, and after removing plaintiff from his vehicle, made arrangements for his removal to Our Lady of the Lake Hospital in Baton Rouge, Louisiana. Plaintiff was then transferred to Veterans Hospital in Alexandria, Louisiana.
Prior to filing this suit, plaintiff contacted defendant’s agent, Steckler, who contacted his insurer, and they refused to pay plaintiff under the policy because they concluded he was intoxicated at the time of the accident.
In defense of the suit, counsel for defendant took the position that plaintiff was intoxicated when the accident and resulting injury occurred; and, therefore, could not recover because of an exclusion clause in the policy which recites:
“This Certificate does not cover accidents, injury, death, disability or other loss caused or contributed to directly or indirectly, wholly or partly: * * * (4) While under the influence of alcohol or under the influence of narcotics unless administered on the advice of a physician; * *
He cites as his authority Matthews v. All American Assurance Company, 226 So.2d 181 (La.App. 3 Cir. 1969), cert. den., which is distinguishable from the instant case for in that case the State Trooper requested the Parish Coroner to take a blood sample of the driver of the car involved in the accident, which was sent to the State of Louisiana Crime Laboratory in Baton Rouge, Louisiana. The report showed plaintiff’s blood contained .29% alcohol by weight, whereas the evidence reflected that most authorities considered .15% sufficient for intoxication.
In the instant case State Trooper Toups testified plaintiff smelled of alcohol at the scene of the accident. However, Dr. Charles H. Baugham, who first saw and examined plaintiff on his arrival at the Baton Rouge hospital, testified that plaintiff was rational, and that he did not smell any alcohol on plaintiff’s breath.
There is absolutely no evidence showing that plaintiff was under the influence of alcohol at the time of the accident.
It was stipulated that plaintiff was entitled to 71 days in the hospital at $18.00 per day. Also, the policy provides that since his was a fourth renewal, he was entitled *115 to $125.00 per month for ten months. The defendant contends that the trial judge was in error in allowing him 75 days disability. With this contention we agree. There was also an allowance of $60.00 provided for in the policy for miscellaneous items. No complaint is made of this sum. Counsel for defendant contends that the $125.00 per month allowed for disability not to exceed ten months should be reduced to $100.00 per month under Section 7 of the Miscellaneous provisions of the policy which provides :
“7. DEFINITION OF ELIGIBILITY FOR MONTHLY DISABILITY INDEMNITY
“Under Section Two, the Company’s liability shall be restricted to claimants who are gainfully employed at the time of injury; and indemnity payable shall not exceed 50% of claimant’s actual, pro-rata annual earnings at time of injury, and in no event shall the maximum payment exceed One Hundred Twenty-Five ($125.00) Dollars per month. Such amount otherwise payable shall be reduced by any amount of Workmen’s Compensation or disability payment by the U. S. Social Security Administration for the same period of claimant’s disability.”
It is the contention of counsel for defendant that plaintiff’s net earnings were so little that he should be limited to $100.00 per month, citing LSA-R.S. 22:213B(5).
Plaintiff’s income tax returns for 1966, 1967, and 1968 showed an average earning for three years of less than $1,000.00. The judgment is hereby amended to reduce the monthly award from $125.00 to $100.00.
In summation, we hereby award plaintiff the sum of $1,278.00 for hospitalization, namely, 71 days at $18.00; $60.00 for Xrays and other items listed in the policy; and disability at the rate of $100.00 per month for ten months or $1,000.00; making a total award of $2,338.00.
We next consider the question of penalties and attorney’s fees. These items are governed by LSA-R.S. 22:657.
In Morein v. American Physicians Insurance Company, 192 So.2d 887 (La.App. 3 Cir. 1966), cert, den., we held that health and accident insurers are liable for statutory penalties for failure to pay claim where they have denied liability to their policyholders upon legal or factual defenses which, upon investigation, would prove to be insubstantial. See also the leading case of Seguin v. Continental Service Life and Health Insurance Company, 230 La. 533, 89 So.2d 113, 55 A.L.R.2d 1014 (1956); and also Niles v. American Bankers Insurance Company, 229 So.2d 435 (La.App. 3 Cir. 1969), writ refused.
In the instant case, defendant did not produce any testimony that plaintiff was intoxicated. We amend the award of penalties from the sum of $2,660.00 to $2,338.-00.
The trial court allowed plaintiff attorney’s fees in the sum of $1,800.00. As stated by Judge Hood in the Niles case, supra:
“ * * * The amount of attorney’s fees awarded in these cases rests largely within the discretion of the trial judge. * * (Citation omitted.)
We find no error in the award for attorney’s fees.
For the reasons assigned the judgment of the district court is amended by reducing the award from the sum of $5,320.00 to the sum of $4,676.00; and as amended, the judgment is affirmed.
Costs of this appeal assessed against ap-pellee.
Amended and affirmed.