260 So.2d 333 (1972)
Pete TINGLE, Plaintiff-Appellant,
v.
RESERVE LIFE INSURANCE COMPANY, Defendant-Appellant,
John HICKMAN, Third-Party Defendant-Appellee.
No. 11820.
Court of Appeal of Louisiana, Second Circuit.
March 28, 1972.
Bethard & Bethard by Henry W. Bethard, III, Coushatta, for plaintiff-appellant.
Whitehead & McCoy by Kenneth D. McCoy, Jr., Natchitoches, for defendant-appellant.
*334 Wm. Ray Bradford, Jr., Alexandria, for third-party-defendant-appellee.
Before BOLIN, PRICE and HEARD, JJ.
PRICE, Judge.
Pete Tingle brought this action seeking to recover benefits under a hospital indemnity policy issued by defendant, Reserve Life Insurance Company. Plaintiff also seeks penalties and attorney's fees as provided by LSA-R.S. 22:657. Defendant contends the policy should be declared null and void as the application for the policy signed by plaintiff contained material representations known by plaintiff to be false.
A third party demand was filed by defendant against John Hickman, its agent, who sold the policy to plaintiff, seeking judgment over against Hickman for any amount defendant is ordered to pay on the principal demand. This demand is grounded on an alternative pleading that should plaintiff recover because the misrepresentations were the agent's fault, then the agent violated a duty owed to his principal and is liable therefor.
It was stipulated by the parties that the benefits payable under the policy for the hospital confinement of plaintiff amounted to the sum of $1,200.
After trial of the merits, judgment was rendered awarding plaintiff the stipulated sum but rejecting his demands for penalties and attorney's fees. Further judgment for this amount was awarded Reserve Life against Hickman under the third party demand.
Plaintiff appealed devolutively, complaining the trial court erred in not allowing penalties and attorney's fees.
Defendant suspensively appealed, urging the trial court erred in refusing to rule the plaintiff's policy was unenforceable under the provisions of LSA-R.S. 22:619(B). No appeal was taken by third party defendant, John Hickman.
We affirm the decision of the trial court for the reasons hereinafter given.
Defendant seeks to have the policy sued on declared unenforceable because (1) the application signed by the insured represented that he did not presently have other insurance nor had applied for other insurance in the past five years, although, in truth and fact, plaintiff had fourteen policies in effect at the time of his application; (2) the application did not reflect his complete medical history and had defendant known the true facts, it would not have issued the policy.
Under the provisions of LSA-R.S. 22:619 and the jurisprudence interpreting same, statements made by an insured in application for life or health and accident insurance are representations and are not warranties, and a policy may not be voided or declared unenforceable because of a false statement in the application unless it is shown it was made by the insured with the intent to deceive and it materially affected the acceptance of the hazard assumed by the insurer.
A jurisprudential rule has developed in this State that the acts of the agent are imputed to the insurer and the validity of the policy is upheld in cases where the agent by mistake, fraud or negligence inserts erroneous or untrue answers to the questions contained in the application, provided the insured was justifiably ignorant of the erroneous answers, had no bad faith and did not intend to deceive the insurer. Carlisle v. Washington National Insurance Company, 250 So.2d 418 (La.App.2d Cir. 1971); Fruge v. Woodmen of World Life Insurance Society, 170 So.2d 539 (La.App.3d Cir. 1965); Telford v. New York Life Insurance Co., 227 La. 855, 80 So.2d 711 (1955).
The evidence in the instant case shows the agent, Hickman, completed the application blank from his own knowledge of the insurance affairs and medical history of the applicant, Pete Tingle. Hickman was a friend of Tingle and had sold him several *335 policies in the past. There is no evidence that the two discussed and evaluated the answers to the questions contained in the application other than Tingle's testimony that he wanted to make sure the company knew about his heart murmur, for which he would accept a restrictive rider on the policy, and of his previous back surgery. In his testimony, Hickman accepts the blame for the errors and omissions in the application, contending he made a "mistake" in recording certain answers.
Defendants contend they have proven bad faith on the part of Tingle should this court rule admissible the evidence contained in an offer of proof consisting of the record in several suits filed by Tingle against other insurers seeking benefits under policies, payment of which was refused because of false answers in the applications therefor. It is argued this evidence proves Tingle's familiarity with making application for insurance and that Hickman had been the agent who took the application on one or more of the policies which were contested.
Even though this evidence is admissible, we do not find it is sufficient under the circumstances to show bad faith on Tingle's part. The advertising contained on the cover sheet of the application indicates it is immaterial as to the number of policies an applicant may have in force. We quote from the representation contained thereon as follows:
"Pays regardless of other Insurance. This policy pays directly to you regardless of any other group or individual insurance you may have, except, of course, that you may have only one of these policies."
Additionally, defendants have attempted to prove Tingle had full knowledge of the contents of the application prior to the issuance of the policy, even though he may not have read same at the time it was filled out by the agent. Defendant offered testimony showing the usual procedure of the company to send a photo copy of the completed application to each applicant prior to the issuance of the policy, requesting the applicant to review the application for accuracy and instructing him to notify the company if it is in error. In the instant case, there is not sufficient proof in the record Tingle received any such communication. He denies having received it. Defendant did not produce a copy of the transmittal letter addressed to the plaintiff, nor does the testimony go farther than to establish a "customary procedure" of the company. This is not proof by a preponderance of the evidence. Had receipt of such a communication to Tingle been established, there would be a serious question as to Tingle's good faith.
On the basis of the record before us, we find the misrepresentations in the application were the fault of the agent, Hickman, and that defendant has failed to prove by a preponderance of the evidence that Tingle was in bad faith by having knowledge of the misrepresentation prior to the issuance of the policy.
The remaining issue to be resolved is plaintiff's entitlement to penalties and attorney's fees for defendant's alleged arbitrary and capricious refusal to pay the claim. LSA-R.S. 22:657 provides that an insurer shall pay claims arising under health and accident contracts within thirty days after proof of a claim "unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist."
As to whether or not just and reasonable grounds exist is purely a factual matter and each case must be considered on its own facts and circumstances. The trial judge found the actions of defendants in the instant case not to warrant the imposition of penalties and attorney's fees, and unless his determination is manifestly erroneous, we will not disturb same.
Upon receipt of the loss claim submitted by plaintiff, the defendant was first *336 made aware that the plaintiff had a total of fourteen policies of insurance and that he had previously been hospitalized some seventeen times during the past five years, which was not disclosed to defendant in the application.
We think these facts are such that it could be said the defendant had reasonable grounds to deny payment and insist on a judicial determination of plaintiff's claim.
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are taxed against defendant-appellant.