YARRUT, Judge
(dissenting).
I must dissent from the majority opinion and decree confirming the judgment of the district court, being convinced it should be reversed and rendered in favor of Plaintiff, subject to credit as explained below.
It is true the policy issued by Defendant did not fully describe the premises insured. However, there can be no doubt that the Montaldo Insurance Agency, which accepted and prepared the policy for Defendant insurer, as its general agent, had both 'actual and constructive knowledge of the true character and use of the premises, 2419 Philip Street, as a restaurant, saloon, and rooming house, for these reasons: (1) For three years after issuance of the policy for a five-year term, and long before the fire, the Montaldo Insurance Agency had in its possession a rating card issued by the Louisiana Fire Rating Bureau, which described the premises located at 2419 Philip Street, and premium chargeable, as follows:
“NEW ORLEANS, LA. Appl. No. 10237 MFC May 6, 1959
2323-2435 Philip, Vol. 4, Pg. 410, Bl. 326, 346
Bldg. Conts.
#2401-03 Groe, Saloon (4-20-59)041*l-054----l&2-CD 1.27 1.84
Beauty Pari 056 -
Dwg 002 -
2419 Idle Rest, Saloon & Dwg 041*1-054-002
-.- 2-CD .76 1.20
Rms (9) 007 _ 1.20”
(2) Prior to the issuance of the policy in question, Montaldo Insurance Agency had tendered the risk to another of its insurers (Trinity Insurance Company), which refused to accept the risk because it was “not wanted.” The Montaldo Insurance Agency made no effort to ascertain why the risk was refused by Trinity Insurance Company, but prepared and tendered the policy to Defendant, who accepted and issued it without question. (3) Montaldo Insurance Agency had previously prepared a public liability insurance policy for another of its insurers covering the same premises, which the insurer refused to issue because the premises were being operated as a restaurant. Montaldo thus had actual notice the lower floor of the premises was again being used as a restaurant. (4) The policy in question was not delivered to Plaintiff, but to a Building and Loan Association which held a vendor’s lien and mortgage *284 on the insured property, which contained a “loss payable clause” in favor of that Association.
' While it is true the Realtor, who acted for Plaintiff in placing the insurance with Montaldo, had knowledge of the actual condition of the premises, it is equally true that Montaldo had complete knowledge of such fact, and knowledge of an agent is imparted to the principal; hence, Defendant insurer is charged with Montaldo’s knowledge.
The only complaint made by Defendant during the first three years of the five-year period before the fire occurred, was Plaintiff’s failure to pay the premium when due, which was promptly corrected by payment of the premium; never any complaint that the premium was inadequate or the premises not properly described.
There is no doubt of the good faith of Plaintiff. He acquired the property shortly before at a foreclosure sale. The Realtor who obtained the insurance was the Realtor who helped him finance the purchase of the property. Harris v. Guaranty Income Life Insurance Co., 226 La. 152, 75 So.2d 227; Stovall v. Empire State Ins. Co., 215 La. 100, 39 So.2d 837; Chaffin v. Wabash Life Ins. Co., La.App., 166 So. 2d 50; Welch v. N.Y. Underwriters Ins. Co., La.App., 145 So.2d 376.
I must assume that the district judge felt he was bound by the decision of this court in the case of McCoy v. Pacific Coast Fire Ins. Co., La.App., 164 So.2d 386, to the effect that the rating card of the Louisiana Fire Rating Bureau, in possession of the general agent of the insurer (the same Montaldo Insurance Agency involved here), was not notice to the insurer of the condition of the premises, and rendered judgment for such insurer. However, the Supreme Court, on certiorari (case No. 47,369, not yet reported), reversed this court, and held that the fire rating card sent to Montaldo was notice to the insurer and reversed the judgment in favor of the insured.
Accordingly, the judgment of the district court should be reversed, and judgment rendered for Plaintiff as prayed, less the additional premium Plaintiff should have paid which, according to the record, amounts to $604.92; less any additional amount paid by Defendant for account of Plaintiff. As pointed out in the McCoy case, no penalties should be allowed; Defendant to pay all costs in both courts.
Rehearing denied.
YARRUT, J., is of the opinion that a rehearing should be granted.