RICKERFOR v. WESTCHESTER FIRE INS. CO. OF NEW YORK.*

No. 17045.

Court of Appeal of Louisiana. Orleans.

April 10, 1939.

St. Clair Adams & Son, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

McCALEB, Judge.

In an application for rehearing, the defendant complained that we committed a grave injustice in sustaining the ruling of the trial court which excluded certain evidence respecting the plaintiff's inability to operate his gambling business in the insured building at the time of the fire. It pointed out that the district judge rejected this evidence on the theory that it had no bearing on the question of the increase of the moral hazard whereas we, while conceding that the evidence tendered would be material to the defense, sustained the ruling only because the facts sought to be

*Writ of certiorari denied by Supreme Court May 29, 1939.

proved were not specially pleaded in the answer. Defendant further directed our attention to the fact that the plaintiff has filed three other suits on other policies against different insurance companies wherein he seeks recovery under those contracts for this same fire loss and it maintains that it would be unjust for us to resolve this matter against it on a technicality of pleading. Its counsel stated that, in view of the decision reached by us on first hearing, the other insurance companies, made defendants in the cases now pending, will immediately supplement and amend their answers so as to permit them to introduce the evidence which was excluded in this case and that, as a consequence, they will have the opportunity of having that evidence considered by the court in determining whether there is any liability on the insurance policies.

Finding considerable merit in the proposition advanced by the defendant in its application, we granted a rehearing in the case.

We are still of the opinion that the defendant's answer is too vague to permit the admission of the evidence relied upon by it. But we are now also convinced that, even if the trial judge had permitted its introduction, it would be insufficient to change the result reached by us in our original decree. We shall , therefore reconsider the defense presented as though the evidence tendered was properly before the court.

 At the time the policy was issued to Rickefor, the defendant was well aware of the fact that. he was a professional gambler and that the insured building which he had erected on the leased land was to be operated in pursuance of an unlawful enterprise. It is to be presumed that the defendant was cognizant of the fact that the operation of a gambling establishment, being in contravention of the laws of this state, could be suppressed at any time and that it would be restrained by the proper authorities. Notwithstanding this, the defendant was apparently satisfied either that the public officials would countenance violation of the law or that, if the operations conducted by plaintiff were discontinued, his moral character was such as to preclude him from being tempted to cause the destruction of the building by fire. In any event, the defendant was willing to take the chance and it accepted plaintiff as a good moral risk.

 In our original opinion, we held that plaintiff's breach of the warranty of the policy concerning unconditional ownership of the land and his occupancy of the premises under a lease containing a reversion clause, was insufficient in itself to exhibit that the moral hazard had been increased in the absence of other circumstances existing at the time of the fire tending to show a definite augmentation, in fact, of the risk. Can it now be said that, because the defendant was ordered to desist from further gambling operations prior to the fire (which is conceded for the purpose of this discussion), this fact increased plaintiff's temptation to destroy the building?

It seems to us that, if plaintiff's business had been discontinued at any time by the proper authorities, the moral risk of the insurance would have been increased, irrespective of whether he owned the land or not. But the defendant cannot be heard to resist payment of the policy on that ground, since it had full knowledge of the precarious business in which the plaintiff was engaged and was willing to take the chance that, in the event his operations were discontinued, he would not be tempted to cause a fire.

However, the defendant contends that the fact that Rickerfor was ordered to desist from further pursuit of his business should be considered in connection with the fact that, if he did not exercise his option to purchase the land under the reversion clause of the lease, he would lose the ownership of the insured building and that these two factors, when thus viewed, will authorize a holding that the moral hazard . of the risk was increased by virtue of the breach of the policy warranty concerning unconditional title to the real estate.

We are unable to agree to this proposition. Should we assume that the assured would be better off in case the building was totally destroyed by fire after he had been ordered to desist his gambling activities, it does not follow that the moral hazard was increased merely because he did not own the land upon which the building was situated. His lease did not expire until November 13, 1936, and he did not. have to exercise his option to purchase the land until 60 days before the termination of the contract. In other words, he had un-

678

til September 13, 1936, to decide upon whether it would be to his advantage to buy the real estate for $3500. The fire occurred on August 22, 1935, or more than a year before the plaintiff would have been compelled to exercise the privilege accorded to him by the reversion clause and it would be unreasonable to suppose that, because of that provision in the lease, the plaintiff would have been more tempted to cause the destruction of the building than he would otherwise have been in case he had owned the land in fee simple.

Our conclusion might be different if it had appeared that the fire occurred just before plaintiff's right to exercise his option under the reversion clause of the lease was to expire forasmuch as, under such circumstances, it might be said that his temptation to destroy the building would have been greater because he would have been then faced with the necessity of either immediately purchasing the land for $3500 or having the ownership of the building revert to his lessors.

For the reasons stated herein and for those given in our former opinion, our original decree herein is reinstated as the final judgment of this court.

Original decree reinstated.