132 So.2d 94 (1961)
Keith C. KENNISON
v.
U. S. LETTER CARRIERS' MUTUAL BENEFIT ASSOCIATION.
No. 5368.
Court of Appeal of Louisiana, First Circuit.
June 30, 1961.
*95 Robert W. Williams, Jr., J. C. Dabadie, Jr., Baton Rouge, for appellant.
Sidney D. Fazio of Cole & Mengis, Baton Rouge, for appellee.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
JONES, Judge.
This is a suit on a health and accident policy providing for the payment of hospital and surgical expenses, necessitated by sickness of the insured or one of his dependents, the cause of which originates while the certificate of insurance is in force. Mr. Kennison, plaintiff herein, incurred hospital and surgical expenses in the sum of $682.75 as a result of his wife's hospital confinement and surgery while the policy sued upon was in full force and effect. The defendant insurer denied coverage on the grounds that certain representations and statements of fact were made in the application of insurance which constituted misstatements of fact which materially affected either the acceptance of the risk or the hazard assumed by the insurer.
The trial court awarded judgment for the plaintiff on the theory that the illness which necessitated the operation did not occur until after the issuance of the policy. While we are in agreement with the trial court that the expenses incurred by the plaintiff are within the coverage of the policy, we so find for different reasons.
The defendant contends that in answering the questions contained in the application for insurance, Mr. Kennison falsely answered questions Nos. 19 and 20 thereof. The applicant was asked in the form "Has any person listed in Item 5" (which Item 5 would include his wife, Mrs. Kennison) "ever had or any of them now suffering from:" and thereafter is listed a number of diseases and physical disorders. The applicant is required to answer each question "yes" or "no". With regard to question 19, "Any Menstrual Disorder?" the applicant answered "no", and question 20, "Any other Female Disorder?"the applicant answered "no".
The defendant contends that Mrs. Kennison did suffer from a menstrual disorder or other female disorder prior to the date of the application and that, therefore, the applicant misrepresented facts which materially affected the acceptance of the risk and that the insurer would not have issued the policy had the questions been answered truthfully.
LSA-Revised Statutes 22:619(B) is controlling on this point and reads as follows:
"In any application for life or health and accident insurance made in writing by the insured, all statements therein made by the insured shall, in the absence of fraud, be deemed representations *96 and not warranties. The falsity of any such statement shall not bar the right to recovery under the contract unless such false statement was made with actual intent to deceive or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer. Amended and reenacted Acts 1958, No. 125."
From a reading of the above, we think it is clear that the defendant must show the statement was in fact false and was made with the intent to deceive or that such false statement materially affected the acceptance of the risk or the hazard assumed by the insurer. Counsel for defendant admitted that there was no intent to defraud or deceive. Therefore, if recovery is to be denied, it must be established that the answers to the questions were in fact false and that such false answers materially affected the risk or the hazard.
The only testimony in the record is that of Mr. and Mrs. Kennison and Dr. Homer Appleby. The defendant offered no other witnesses. Mr. Kennison testified that he had no knowledge of his wife having any menstrual disorder or female disorder prior to the date of the application for the insurance sued upon. He testified he knew that his wife had been to the doctor on two occasions, but did not know the reason for the visits or what transpired at these visits. Mrs. Kennison testified she had no female disorder or menstrual disorder prior to the date of the application, that she had been to the doctor on two occasions, had told her husband of these two visits, but had not discussed them any further as they were routine and nothing unusual had been found by the doctor. Doctor Appleby testified he saw Mrs. Kennison on the two occasions mentioned above, and that he would not describe the difficulties of which she complained as a menstrual disorder or female disorder. On the other hand, a statement introduced in evidence and signed by Dr. Appleby reveals office notes as follows: "9-19-57Menstrual irregularity, nervousness, low backache. 1-17-58Ovulation pain." Admittedly, the doctor's testimony is somewhat at odds with this statement. He did, however, positively state that he was of the opinion that Mrs. Kennison was not suffering from what he would term a menstrual disorder or a female disorder, and he was of the further opinion that for a thirty-four year old woman, who had given birth to five children, the occasional menstrual irregularity and ovulatory pain was a normal condition.
In adition to Dr. Appleby's testimony, Dr. Shirley J. Woodford examined Mrs. Kennison on March 19, 1959 and on March 25, 1959, as is reflected by a letter dated October 1, 1959, signed by Dr. Woodford and introduced by stipulation between counsel to the effect the facts recited in the letter are true and correct. (This offering is marked for identification "P 3") It is significant to note from the letter Dr. Woodford found vaginal examination was within normal limits for a thirty-four year old female with five living children. It is particularly noteworthy that Dr. Woodford's examination was made after the issuance of the policy and prior to the operation on which this claim is based.
Even assuming for the purposes of argument that she was suffering from a female disorder, from a consideration of all of the testimony we are convinced that Mr. Kennison did not consider that such condition existed and, in fact, had no knowledge of any fact which would have led him to believe that his wife suffered from a menstrual disorder or female disorder. Under the clear holding of Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497, it is necessary that not only must the answers given on the application be false, but the applicant must know them to be false. We are further *97 of the opinion that our law is clear that when the insurer asserts a special defense of this sort, the insurer has the burden of proving wrongful intent or materiality. Telford v. New York Life Ins. Co., 227 La. 855, 80 So.2d 711; Bankson v. Mutual Benefit Health & Accident Association, 208 La. 1008, 24 So.2d 59. The question of intent is not presented since counsel has conceded that no question of fraud is involved, and the record is devoid of any testimony as to the materiality of the alleged false statements. The defendant has the burden of establishing this defense and having failed to present evidence on this point, has not met the burden of proof.
Counsel for defendant in his brief cites Taormina v. National Hospital Service Association, La.App., 43 So.2d 31, as his only authority. While it is true the court in said case stated that if the provisions of an insurance policy were plain every stipulation contained therein should be construed as written yet the provision of the policy the court was construing excluded liability for hospital expenses for any disability originating before the effective date of the policy and accordingly held that the insured was relieved from liability for hospital expenses caused by a disease which the insured was suffering prior to the time she applied for the policy even though she was ignorant of her true condition. In Taormina, the plaintiff was suffering from cirrhosis of the liver and her attending physician, appearing as her witness, testified that the condition originated prior to the time she applied for the policy. The court accordingly held that under the contract the expenses incurred by her were not embraced within the policy coverage. We are accordingly of the opinion that the Taormina case is not apposite.
For the reasons given the judgment is affirmed.
Affirmed.