HEARD, Judge.
Plaintiff Donald K. Carroll, as provisional tutor of the minors Barbara Deioris Robinson, Lawrence Larry Robinson, Floyd Kenny Robinson, Donald Henry Robinson, Fredrick Laverne Lower and Judy Ann Cookley, instituted this suit to recover the sum of $4,285.71 plus statutory penalties and attorneys’ fees being a %ths interest in a fire insurance policy issued by the defendant, American Employers Insurance Company in the name of Hermal Zell Manuel. From a judgment rejecting their demands plaintiff has appealed.
Plaintiff and defendant stipulated that the issues presented to the court and to be decided by the court are two-fold: (a) Did Hermal Manuel procure the policy of insurance declared upon solely on behalf of himself and to cover his undivided owner *539 ship, if any, in said property, or did he procure same on behalf of all of the co-owners of the property, all of the co-owners being by definition the sole and only heirs of Neddie Page and/or the Succession of Neddie Page, and being, along with Manuel, the named parties represented by the provisional tutor in this lawsuit? (b) If the court concludes that Hermal Manuel procured the insurance on behalf of the Succession of Neddie Page and/or on behalf of all of the co-owners of said property, being the sole and only heirs of Neddie Page, did he willfully conceal or misrepresent any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein.
It was established by the evidence that Neddie Page was the natural mother of the plaintiffs and Hermal Zell Manuel. During her life time she was the owner of a family dwelling situated in Oak Grove, Louisiana. The house was mortgaged and there was in existence a policy of standard fire insurance issued by the Employers Liability Assurance Corporation, Ltd., a companion company to the defendant herein, the employers’ group of insurance companies. Neddie Page died on January 7, 1968. On March 15, 1968 a fire occurred in this dwelling. On March 28, 1968 the loss was adjusted by a representative of Employers Assurance Corporation, Ltd. It was then determined that Neddie Page was deceased and accordingly the proof of loss was made in favor of the Administrator of the Estate of Neddie Page and this was signed by Hermal Manuel. The company then cancelled this insurance. Floyd Weems, an official with the West Carroll National Bank, contacted Hermal Manuel about obtaining additional insurance and referred Manuel to Albert Alexander of the Alexander Insurance Agency of Lake Providence, Louisiana. Mr. Alexander issued a policy of insurance through Aetna Insurance Company with $5,000 coverage on the dwelling and $2,000 on its contents. This policy was originally issued in the name of Neddie Page but was later endorsed to the estate of Neddie Page and was billed to Neddie Page but paid for by Hermal Manuel. On August 22, 1968 Manuel contacted Mrs. Frances Kuykendall of the Briggs Insurance Agency of Oak Grove for additional insurance. A policy was issued by the American Employers Insurance Company to Hermal Manuel affording $5,000 coverage on the dwelling and $2,000 on its contents. On October 9, 1968 the dwelling and contents were destroyed by fire. The fire was investigated by the General Adjustment Bureau, Inc. and it then developed that there was in existence two separate and distinct policies insuring the same dwelling with the same coverage. Aetna Insurance Company paid its full policy limit to the Estate of Neddie Page and the American Employers Insurance Company, defendant, paid to Hermal Manuel $2,714.29 representing $2,000 contents coverage and a 14th interest in the dwelling. Appellant contends that Manuel procured this policy of insurance for himself and the other children of Neddie Page, and that he, as provisional tutor, is entitled to recover the balance of the policy, namely, %ths of $5,000 or $4,285.71. Appellee, American Employers Insurance Company takes the position that it issued its policy of insurance to Manuel and that he is the only person who has a claim under this policy. In the alternative appellee asserts that its policy would never have been issued had Manuel related the true facts, and accordingly, if others have an interest in the policy it is void.
As stipulated by counsel, the first issue is whether Manuel procured the policy of insurance solely on behalf of himself and to cover his undivided ownership, if any, in the property or whether he procured same on behalf of all of the co-owners of the property. It was established by the facts that Neddie Page during her life time lived in this dwelling with her children, some of the plaintiffs herein. After her death the children continued to live in the dwelling, Hermal Manuel, the oldest, looking after the property and providing for the younger children. When the bank *540 in Oak Grove, which held the mortgage on the property, decided it was necessary to have additional insurance after the prior policy was cancelled, they contacted Her-mal Manuel and referred him to Albert Alexander of Lake Providence who issued the policy with the Aetna Insurance Company. This policy was issued in the name of Neddie Page even though she was deceased. The company later, after the loss, issued an amendment to show that the policy should have been issued in the name of the Estate of Neddie Page. Manuel testified that when he contacted Mrs. Frances Kuykendall of the Briggs Insurance Agency he stated that his mother, Neddie Page, had borrowed some money on it. He also testified that he advised her who lived in the house and that Neddie Page had owned the property. He further testified he could not remember whether or not he advised Mrs. Kuykendall that his mother was deceased. Mrs. Kuykendall testified that Manuel contacted her by telephone relative to issuing the policy and stated to her that he was the owner of the premises and gave her the location. She further testified that later she viewed the premises to ascertain the value and that one of the children was at home at the time; that she asked Manuel if he had other insurance, or if insurance had been cancelled, and he stated, no, and that the record went to the company that he lived in the house as the owner.
In view of the testimony that the children lived on the premises during the mother’s life time, and some of them continued to live there after her death, and further, that Manuel, after her death, cared for his minor brothers and sisters, buying food and maintaining the premises, the court is of the opinion that he purchased this insurance for all of the plaintiffs, as well as himself. Mrs. Kuykendall, with very little effort, could have ascertained these facts had she chosen to do so. When she visited the house to estimate its value she was permitted to enter by one of the children. Therefore, it is the opinion of this court that when Manuel asked Mrs. Kuykendall to issue the policy it was not for him alone but the other six children as well.
On the second issue stipulated by counsel, the court, in a similar case (Welch v. New York Underwriters Insurance Co., La.App., 145 So.2d 376 (3d Cir. 1962) stated :
“Consistent with the provisions of LSA-R.S. 22:691, relating to standard fire insurance policies, the policy involved here provides that, ‘This entire policy shall be void, if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.’ In order for the insurer to void a policy under this provision it is necessary that it establish that there was actually a concealment or misrepresentation of fact, that the concealment or misrepresentation was willful, and that it related to a material fact or circumstance concerning the insurance or the subject thereof. We think the general rule is correctly stated in 46 C.J.S. Insurance § 1316(4), as follows:
‘As a general rule, if defendant relies on false or fraudulent statements or representations on the part of insured in procuring the insurance, in order to avoid the policy or liability thereon, it has the burden of proving such facts. Where such elements are regarded as essentials, defendant also has the burden of proving that the misrepresentations were made by insured with knowledge of their falsity, and with a fraudulent intent to mislead or deceive, and that they were material to the risk, and were relied on by defendant and acted as an inducement to it to issue the policy ;***.’
“In our opinion the general rule herein-above stated applies in this state. See LSA-R.S. 22:692 (dealing specifically with misstatements in fire insurance ap *541 plications); Knowles v. Dixie Fire Ins. Co. of Greensboro, N. C, 177 La. 941, 149 So. 528, 529 (fire insurance); Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 (health and accident insurance); General Finance Company of Louisiana v. Universal Automobile Ins. Co., 19 La.App. 333, 139 So. 48 (automobile insurance); Parker v. Hartford Fire Ins. Co., La.App., Orl., 163 So. 435 (fire insurance); Rickerfor v. Westchester Fire Ins. Co. of New York, La.App., Orl., 186 So. 109, reinstated on rehearing, La.App., 187 So. 676 (fire insurance); American Indemnity Co. v. Newson, La.App., 2 Cir., 79 So.2d 392 (fire insurance); Kennison v. United States Letter Carriers’ Mutual Benefit Ass’n., La.App. 1 Cir., 132 So.2d 94 (health and accident insurance); Niagara Fire Insurance Company v. Everett, 292 F.2d 100 (5 Cir., 1961) (fire insurance); 4 Appleman on Insurance, 465-470; 29 Am.Jur. (Insurance), Secs. 694, 700, 702; 29 A Am.Jur., Sec. 868.” [145 So.2d 376, 379]
We are of the opinion it was clearly established by the evidence that there was no willful misrepresentation of the facts necessary to void the policy as set forth by the ruling in this case, and further, that there was no evidence that the defendants were arbitrary and capricious in denying the demands of plaintiffs.
Accordingly, for the reasons assigned, the judgment of the district court is reversed and set aside, and judgment decreed in favor of Donald K. Carroll, as provisional tutor of the minors, Barbara Deloris Robinson, Lawrence Larry Robinson, Floyd Kenny Robinson, Donald Henry Robinson, Fredrick Laverne Lower and Judy Ann Cookley and against American Employers Insurance Company in the full sum of Four Thousand Two Hundred Eighty Five and 71/100 ($4,285.71) Dollars, with legal interest thereon from judicial demand and for all costs.
Judgment reversed and rendered.