JAMES C. GULOTTA, Judge Pro Tem.
The issue in this case is whether a “dwelling” insurance policy which insures the estate of a deceased person as the “named insured,” provides liability coverage for an heir and/or executor for acts not related to his position as an heir/executor.
We conclude that it does not and affirm the judgment of the trial court granting a summary judgment in favor of the defendant insurer dismissing plaintiff’s suit against that insurer.
*428 Frederic Smith’s claim arises out of an incident where he was shot by defendant Lyndon Matthews. The shooting occurred on the insured premises and was unrelated to defendant’s role as an heir, executor or occupant of the premises. The alleged damages did not occur as a result of the condition or use of the insured premises. The incident grew out of a dispute over an unrelated personal debt between Smith and Matthews. The only connection with the insured dwelling is that the shooting occurred on the premises.
Although defendant Matthews and two other heirs had been sent into possession of the decedents estate, the policy remains in the name of the “estate of Charles Matthews.”
The dwelling policy was issued by defendant Lafayette Insurance Company and contained a premises liability provision providing coverage for damages for bodily injury for which the insured is legally liable. Plaintiff asserts that the policy provided coverage for the acts of Lyndon Matthews as an insured by reason of his position as an heir/executor of the estate of his deceased father, Charles Matthews. According to plaintiff, if Matthews is not covered under the insurance policy as an insured, the policy does not provide coverage to anyone. Plaintiff claims that Matthews and the remaining two heirs have been sent into possession of the estate and coverage could only be applicable to them since the estate is not now an entity as such. We do not agree.
The policy, in pertinent part, defines an insured as follows:
a. An individual shown in the declaration as a named insured or the husband or wife of such an insured, but only with respect to the insured premises.
b. A member of a partnership or joint venture which is a named insured; but you are an insured only with respect to your liability as such and only with respect to the insured premises.
c. An executive officer, director or stockholder of an organization that is a named insured; but you are an insured only with respect to your duties as such and only with respect to the insured premises.
d.A person (other than an employee of the named insured) or organization while acting as a real estate manager.
It is clear that none of the above definitions is applicable to the plaintiff in the instant case.
However, Smith claims our jurisprudence is clear that any ambiguity in the policy must be construed against the insurer. We have no quarrel with this well settled rule, nonetheless, we find no ambiguity in the policy in the instant case. Furthermore, we are not persuaded by plaintiff’s claim that if no coverage is provided for an heir to this estate then indeed, no coverage is provided to anyone. Clearly, if injury or damage was caused as a result of a defect, condition or use of the premises, and a judgment was rendered against the estate of the decedent, the insurer would be liable. However, it is significant to note at this point that the alleged injury and damages did not grow out of a defect, condition or use of the insured premises. The claim is based upon an unrelated dispute between the parties resulting in a shooting on the premises. The only connection with the premises is that the act occurred on the insured property.
We have not been cited any nor have we found any jurisprudence or statute that might be helpful in the disposition in this matter. Plaintiff relies on Carroll v. American Employers Insurance Co., 241 So.2d 538 (La.App. 2 Cir.1970). We find this case inapplicable. In Carroll the issue was whether remaining heirs of a decedent were entitled to coverage under a policy of insurance which was in the name of one of seven heirs. The question in Carroll was whether the one heir who procured the disputed policy purchased it solely for his own benefit, or whether it was purchased also on behalf of his brothers and sisters. The court held that the policy covered all of the heirs. The issue in Carroll was not in any way related to the issue in the instant case. The only thing that we can glean from Carroll is that the court indicated *429 that we should look to the intent of the parties involving the contract of insurance.
In the instant case the insurance policy was intended by all parties to insure the estate of Charles Matthews as the named insurer. The insurance policy was required by the mortgagee and had been in effect since before the death of Charles Matthews.
It is clear that the policy was intended to protect against liability for injury which arose out of a condition, use, or defect of the insured premises. The “dwelling” policy included personal liability coverage for any liability incurred by the estate of the decedent. While the policy benefited the heirs by protecting them from any loss to the estate for damages caused to others by a condition, use, or defect of the dwelling, we do not conclude the actions of an heir in an occurrence unrelated to the structure covers the heir as an insured. The injury complained of was not inflicted on plaintiff by Matthews in his capacity as an heir or executor and did not grow out of his relationship as such with the estate.
Accordingly, we conclude that the alleged tortfeasor was not an insured under the dwelling policy. Having so concluded, we affirm the judgment of the trial court.
AFFIRMED.