FRUGÉ, Judge.
Noel C. Roy instituted suit against Trans-World Life Insurance Company to recover benefits allegedly due under a life insurance contract issued by Trans-rWorld and insuring the life of plaintiff’s mother, Eva S. Roy, now deceased. The facts of the case were stipulated and are substantially as follows: that the deceased, Eva Roy, applied for and was issued a policy of life insurance in which her son, the plaintiff herein, was designated as the beneficiary; that the signature of Eva S. Roy which appears on the application for insurance with Trans-World Life Insurance Company is genuine and that at the time of the insured’s death all'premiums due under the policy had been paid; that Allen R. Lacombe, the insurance agent who filled out the application form for the deceased, was the duly qualified life insurance agent who at the time was representing Trans-World Life Insurance Company; that at the time of the execution and submission of the application for insurance in question Eva S. Roy was under the care of Dr. R. L. Brown for treatment of chronic asthma, high blood pressure, arrested tuberculosis, and congestive heart failure; and that, at the time the application was made, Eva S. Roy had knowledge of her ill health.
The defendant, Trans-World, resists the plaintiff’s demand, alleging that the deceased made “false representations” about her present physical condition in the application for the insurance policy. The record indicates that the soliciting agent for the insurance company propounded the questions relating to the applicant’s health to Mrs. Roy, but that the agent actually filled in the answer blanks on the application form himself, thereafter presenting it to Mrs. Roy for her signature. The application as filled in by the insurance agent indicated that the insured was in good health. As the stipulation of facts indicates, however, Mrs. Roy was at that time suffering from numerous conditions which, had they been known to the insuring company, would *418 have materially affected the risk of insuring the life of Mrs. Roy.
The plaintiff, Mrs. Roy’s son and the beneficiary under the policy, testified that he was present when the insurance agent was filling out the application for insurance on the life of his mother, and that both he and Mrs. Roy informed the agent of the condition of Mrs. Roy’s health and of the fact that she was under the care of a physician at the time. He further testified that after filling out the application form the agent handed the application to Mrs. Roy, who signed it (Tr. 12, 13).
The insurance agent, Mr. Lacombe, testified that he did in fact fill out the application form in question but that he “didn’t remember” specifically asking Mrs. Roy the questions pertaining to her health. Nowhere in the record does the insurance agent deny that the deceased or her son informed him of her poor health and of the fact that she was at that time under the care of a physician. Furthermore, it is stipulated between the parties that the deceased’s physician, Dr. R. L. Brown, had no recollection of ever having been contacted by Mr. Lacombe, the agent, concerning the physical condition or state of health of the deceased.
After trial on the merits, the trial judge concluded that the representations contained in the application for insurance were not made with the intent on the part of the insured to deceive the insurer and that the plaintiff was therefore entitled to the policy’s face value as the named beneficiary.
We think that the instant suit falls within the principles announced in the case of Frugé v. Woodmen of the World Life Insurance Society, 170 So.2d 539 (La.App. 3d Cir. 1965), wherein we said:
“The rule also prevails in this state that when the agent of an insurer, acting within the scope of his authority, proceeds to fill out the blanks in an application for a policy of insurance, the acts, representations and mistakes of that agent are considered to be those of the insurance company. In such a case if the agent by mistake, fraud or negligence inserts erroneous or untrue answers to the questions contained in the application, these representations bind the insurer but are not binding upon the insured, provided that the insured was justifiably ignorant of the erroneous answers, had no .actual or implied knowledge thereof, was guilty of no bad faith or fraud, and had no intent to deceive the insurer. Harris v. Guaranty Income Life Ins. Co., 226 La. 152, 75 So.2d 227; Telford v. New York Life Ins. Co., 227 La. 855, 80 So.2d 711; Olivier v. Penn. Life Ins. Co., 146 So.2d 246 (La.App. 3 Cir.); Gleason v. Bankers Life and Casualty Co., La.App. 2 Cir., 147 So.2d 86.”
In asserting the special defense of fraudulent misrepresentation on the part of the insured, the insurer bears the burden of proof and must establish that the answers given on the application are false and that the applicant must know them to be false. R.S. 22:619; Gay v. United Benefit Life Ins. Co., 233 La. 226, 96 So.2d 497; Frugé v. Woodmen of the World, supra, and authorities cited therein. In the instant suit the trial judge accepted the positive testimony of the plaintiff that the insurance agent was informed of the condition of the applicant’s health. He found that the representations as evidenced by the application were not made with the intent to deceive on the part of the applicant, Mrs. Roy, and that the defendant insurer had failed to carry its burden of proof in this respect. The case relied on by defendant-appellant, Radosta v. Prudential Ins. Co., 163 So.2d 177 (La.App. 4th Cir. 1964), has no application to the present facts, for in that case the court found that false statements relating to matters material to the risk were made by the insured at the time the application was submitted and that such statements were made with actual intent to deceive the insurer. In the instant suit we find that there were no misrepresentations *419 by the insured and that the inaccuracies in the application were due in all probability to the mistakes, negligence or willful misconduct of the insurer’s own agent. We find nothing in the record which might indicate that the trial judge committed manifest error in accepting the plaintiff’s testimony to the effect that the agent knew that the deceased was not in sound physical condition at the time the application for insurance on the deceased’s life was completed.
Therefore, for the foregoing reasons the judgment of the lower court is hereby affirmed, the defendant-appellant to bear all costs.
Affirmed.