244 So.2d 249 (1971)
Mrs. Joyce D. HENDRICKS, Plaintiff and Appellee,
v.
CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant and Appellant.
No. 3301.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1971.
Rehearing Denied March 4, 1971.
Daniel T. Murchison, and William P. Crews, Jr., Natchitoches, for defendant-appellant.
Gahagan & Kelly, by Marvin F. Gahagan, Natchitoches, for plaintiff-appellee.
Before HOOD, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This is a suit for credit life insurance benefits. The plaintiff, Mrs. Joyce D. Hendricks, is the widow of C. D. Hendricks, on whose life the policy was issued. Defendant is the insurer. From an adverse judgment, defendant appealed. Plaintiff answered the appeal, seeking penalties.
The issues are: (1) Must an insurer, seeking to avoid liability on the grounds of false statements in the application for insurance, prove both that the false statements were made with actual intent to deceive and that the facts allegedly misstated were material to the risk? (2) Does the *250 evidence here show that the insured or the beneficiary made false statements as to the insured's health with the intent to deceive? (3) Is the automobile salesman who took the application an agent of defendant insurer? (4) Is plaintiff entitled to penalties under LSA-R.S. 22:656?
The facts show that during the early part of February, 1969, Roy Hendricks, the 18 year old son of C. D. Hendricks, commenced negotiations with representatives of Cane River Volkswagen, Inc. to purchase a new car. Since Roy was a minor, he was advised it would be necessary to have the title to the car placed in the name of his father.
On February 13, 1969, Luther Nation, a salesman and employee of Cane River Volkswagen, Inc., went to the Hendricks home with the necessary papers for the sale, chattel mortgage, note, credit life insurance, etc. On arriving, Mr. Nation was advised by Mrs. Hendricks that Mr. Hendricks was ill. They went into a back bedroom where Mr. Hendricks was sitting up in bed watching television. The papers were signed there. Mr. Hendricks took no part in the transaction except to ask about the price of the car and the monthly payments. Mrs. Hendricks signed for Mr. Hendricks, in whose name the title to the automobile was taken, pursuant to a power of attorney. It is conceded by Mr. Nation and the other witnesses that he asked no questions regarding Mr. Hendricks' health and no statements in this respect were made by Mr. or Mrs. Hendricks or anyone else. Nation testified he was not concerned with the health of Mr. Hendricks because he understood credit life insurance was "automatic" in every sale. He simply added the premiums to the monthly payments. Mrs. Hendricks testified she did not read the chattel mortgage and didn't even know credit life insurance had been issued until after Mr. Hendricks died, about two weeks after the sale.
The chattel mortgage and note were signed in blank by Mrs. Hendricks at her home. These documents were then taken back to Natchitoches by Nation where he supplied the information for their completion in the office of Cane River Volkswagen, Inc. The chattel mortgage, which was signed by Mrs. Hendricks as agent for Mr. Hendricks, contains the following provision:
"The customer designated below as the person to be insured for such insurance, in order to induce Connecticut General Life Insurance Company or any other substituted insurer to accept such insurance, hereby represents that such person is under 65 years of age and that to the best of such person's knowledge and belief, he or she is now in good health." (emphasis added)
Mr. Hendricks died on February 25, 1969, less than two weeks after the date of the sale. The death certificate shows the cause of death as "Carcinoma of the lungs Metasthasis3 years duration." The evidence shows that Mr. Hendricks had been suffering from cancer for several years and that one lung had previously been removed.
Defendant's first contention is that under LSA-R.S. 22:619, subd. B, a false statement in an application for life insurance bars recovery under the policy where it was made "with actual intent to deceive or * * * it materially affected either the acceptance of the risk or the hazard assumed by the insurer." (emphasis added) Under such a construction of the statute, defendant contends the statement in the act of chattel mortgage signed by Mrs. Hendricks, that Mr. Hendricks "is now in good health", is a false statement which materially affected the risk and therefore bars recovery. Defendant contends it does not have to prove an intent to deceive.
In the case of Fruge v. Woodmen of the World Life Insurance Company, 170 So.2d 539 (3rd Cir. 1965) this court reviewed the *251 jurisprudence construing the statute in question and held as follows:
"We think it is settled, therefore, that in view of the provisions of LSA-R.S. 22:619 an insurer cannot succeed in avoiding liability on a life insurance policy on the ground that false statements were made in the application, unless the insurer establishes: (1) That the false statements were made with actual intent to deceive; and (2) that the facts allegedly misstated were material. The law also is clear that where the insurer asserts a special defense of this sort the burden of proof rests on the insurer to establish both the materiality and an actual intent to deceive. * * *
"(4) The rule also prevails in this state that when the agent of an insurer, acting within the scope of his authority, proceeds to fill out the blanks in an application for a policy of insurance, the acts, representations and mistakes of that agent are considered to be those of the insurance company. In such a case if the agent by mistake, fraud or negligence inserts erroneous or untrue answers to the questions contained in the application, these representations bind the insurer but are not binding upon the insured, provided that the insured was justifiably ignorant of the erroneous answers, had no actual or implied knowledge thereof, was guilty of no bad faith or fraud, and had no intent to deceive the insurer." (citations omitted)
Defendant contends that in the Fruge case, supra, we misinterpreted Gay v. United Benefit Life Insurance Company, 233 La. 226, 96 So.2d 497 and, further, that the Second Circuit Court of Appeal in the case of Knight v. Jefferson Standard Life Insurance Company, 205 So.2d 485 (2nd Cir. 1967) and the Fourth Circuit Court of Appeal in the case of Radosta v. Prudential Insurance Company of America, 163 So.2d 177 (4th Cir. 1964) have construed the statute in question to require only a showing of materiality to the risk. A reading of our decision in the Fruge case shows we answered these arguments in detail.
In a supplemental brief defendant cites the recent case of Fournier v. Gulfco Life Insurance Company, 241 So.2d 287 (1st Cir. 1970) in which a life insurance policy contained a provision that "no insurance shall take effect under the policy unless on the date hereof the Assured is alive and in sound health." The present case is distinguished from Fournier since the policy provisions are entirely different. In Fournier there was no representation made or required as to the health of the insured and hence no issue as to intent or falsity of a representation.
Defendant's next contention is that the evidence here shows Mr. Hendricks or Mrs. Hendricks made false representations to Mr. Nation that Mr. Hendricks was in good health and that these were made with the actual intent to deceive. The record does not support such a contention. There is no evidence of any statements by Mr. or Mrs. Hendricks to Mr. Nation that the insured was in good health. Mrs. Hendricks did sign the chattel mortgage, which contained the above quoted statement that the insured "is now in good health." But she did not read the instrument and did not even know credit life insurance was being issued. Mr. Nation said he was "not concerned" with the insured's health and asked no questions about it. Clearly, he was not deceived. We conclude defendant has not proved an actual intent to deceive.
The next defense urged is that the evidence does not show Mr. Nation was an agent for the defendant insurer. This argument has no merit. It was Mr. Nation who presented to Mrs. Hendricks for signature the chattel mortgage form containing the application for credit life insurance. Nation was the sole representative of both the automobile dealer and the insurer. He acted as agent for both. Under the law stated by us in the Fruge case, supra, the defendant insurer is bound by the *252 errors which Mr. Nation made in the application for insurance, where the insured and the beneficiary were not guilty of any false statements with an actual intent to deceive.
The final issue is whether plaintiff is entitled to 6% penalties under LSA-R.S. 22:656. The trial judge decided defendant did not act arbitrarily nor capriciously in failing to pay the claim within 60 days. Plaintiff makes a strong argument that defendant is presumed to have known the law as set forth in the Fruge case and, from its investigation of the facts, should have known there was no evidence to show that Mr. or Mrs. Hendricks made any false statements to Mr. Nation with the intent to deceive him. Nevertheless, the trial judge has much discretion in assessing penalties of this type. We find no abuse of such discretion in the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.