378 So.2d 1041 (1979)
BANK OF COUSHATTA, Plaintiff-Appellant,
v.
Jane THOMAS et al., Defendants-Appellees and Plaintiffs in Reconvention-Third Party Plaintiffs-Appellants-Appellees.
No. 13989.
Court of Appeal of Louisiana, Second Circuit.
December 3, 1979.
*1042 Bethard & Davis by James G. Bethard, Coushatta, for plaintiff-appellant, Bank of Coushatta.
Graham W. Rogers, Bossier City, for third party defendant-appellant, National Alliance Life Insurance Co.
Raymond C. Vinet, Sr., Baton Rouge, for third party defendant-appellant, Old Republic Life Insurance Co.
Breazeale, Sachse & Wilson by Claude F. Reynaud, Jr., Baton Rouge, Roy L. Beard, Shreveport, for defendants-appellees and plaintiffs in reconvention and third party plaintiffs-appellants, Jane Thomas et al.
Before PRICE, MARVIN and BIGBY, JJ.
BIGBY, Judge.
This appeal by the several litigants in cross-demands against each other stems from litigation which arose when the Bank, as a secured creditor of a decedent, filed a petition for executory process against the surviving spouse.
The decedent's family sued to enjoin the executory process, contending that the debt should have been extinguished by the proceeds of credit life insurance policies allegedly issued or sold the decedent by the Bank and under which the Bank was the named beneficiary. The alleged insurers were made third party defendants and the decedent's heirs alternatively sought recovery from the Bank for an amount equal to the proceeds of the policies in the event the policies were held not to have been in force because of the alleged failure and neglect of the Bank to obtain credit life coverage.
The lower court rendered judgment in favor of the heirs and against the Bank and the two insurers and ordered each insurer to pay the proceeds of its policy or policies to the Bank. All parties appealed. We amend to restate the judgment and affirm.
The issues are:
(1) Did the trial court err in not rendering judgment in favor of the Bank and against the widow of B. L. Thomas, Jr. for the amount due on the notes, plus interest and attorney fees, and recognizing the mortgages securing these debts?
(2) Were the Bank employees negligent in failing to fully explain to the late Mr. Thomas what credit life insurance was available to him, or in failing to properly complete certificates of insurance?
(3) Did Thomas intentionally and deceptively misrepresent his age?
(4) Were the employees of the Bank the agents of the insurance companies and, if so, are the companies bound to pay the amount of their policies?
(5) Do the Thomas heirs have a right to institute suit against the insurance companies when the Bank is the named beneficiary in the policies? *1043 (6) Is it legally permissible to grant judgment in favor of the Bank and against the insurance companies when the Bank itself made no demand against the insurance companies?
B. L. Thomas, Jr. did business with the Bank for many years before his death. He executed several promissory notes which were secured by mortgages. At different times after July 21, 1976, Thomas requested that the Bank provide him with credit life insurance. The Bank made applications to National Alliance Life Insurance Company and Old Republic Life Insurance Company and wrote certificates of insurance on these companies. The insurance certificates in question were:
National Alliance Life Insurance Company # 119258issued December 17, 1976, to insure the outstanding balance on a $20,000 note dated January 8, 1975. It showed Mr. Thomas' age as 65.
Old Republic Life Insurance Company # 24693152issued December 20, 1976, to insure the outstanding balance of $12,612.75 on a note dated July 21, 1976. It showed Mr. Thomas' age as 63.
National Alliance Life Insurance Company # 119700issued August 5, 1977, to insure the balance of a $25,000 note dated October 16, 1973. It shows Thomas' age as 65.
Thomas died on September 10, 1977. He was born July 20, 1910 and was over 65 when these certificates were issued. The two insurance companies paid a total of only $3,000 on the insurance policies because Thomas was over 65 years of age when the certificates were issued. The insurers also refunded to the Bank, for credit to Thomas' account, a small sum which was considered as unearned premiums.
The insurers alleged that Thomas had misrepresented his age and that they honored the policies to the extent of the insurance available to a person aged 65 years or older, as the policies provided. The insurers also filed a peremptory exception questioning the right of the Thomas heirs to bring suit on the respective policies because the named beneficiary in each policy was the Bank.
After a temporary restraining order and then a preliminary injunction issued, the Bank converted the executory proceeding into an ordinary proceeding.
The trial court judgment was silent regarding the Bank's demands for foreclosure. The trial court found that it was the intention of both Thomas and the Bank that the full amount of the loans be insured.
Testimony was elicited from Tisdale, the Bank's president, and from Mrs. Williams, Mr. Tisdale's secretary:
Q. (To Mrs. Williams) Did you talk to Mr. Thomas concerning his policy (with Old Republic Life Insurance Company)?
A. Mr. Tisdale called me into his office to prepare the notes and gave me the information, and when I started out the door, I stopped and asked Mr. Tisdale what about insurance, and I am not sure he even heard me, but Mr. Thomas said, "Yes, keep me covered." (Emphasis added)
Q. So, with that, you had someone else prepare this?
A. No, that was probably later. These amounts were divided according to the limits of the company. (Emphasis added)
The evidence shows the usual procedure followed by the Bank was for a bank employee to fill out the insurance certificates based on the information obtained during the negotiation of the loan. The insurers did not require the signature of the insured on an application. Thomas did not, and was not asked to, write or sign any form or paper with respect to credit life insurance. In the space "Date of Birth" on the applications, no date of birth was entered, but the figures 63 and 65 were written by someone at the Bank.
The trial court found that the Bank failed to properly explain to Thomas the limitations on what insurance was available for a person over 65. The evidence supports the conclusions of the trial court.
*1044 The Bank's officers and employees were agents of the insurers and had been writing certificates of credit life insurance for several years. The Bank knew Thomas' age, but there is no evidence of collusion between the Bank and Thomas. The insurers are bound by the actions of their agents. The applications which the Bank completed were sent by the Bank to the life insurance companies shortly after they were completed, and well before the death of Thomas. The insurers accepted the applications as written and made no effort to ascertain the true date of birth of Thomas or to have his signature made a part of the applications. The insurers did not inform the Bank before Thomas' death of the absence of his date of birth in the allotted space. Thus, the insurers routinely accepted and ratified the certificates of insurance and the amount of the premiums charged. The insurers are bound for the full amount of coverage unless it is found that Thomas falsely represented his age with the intent to deceive. La.R.S. 22:619.
The court found Thomas did not misrepresent his age; that the employees did not explain to him the insurance age limitations. Thomas' signature was not required on any application, and it was shown that someone at the Bank signed Thomas' name on at least two of the applications.
Finally, while the master policies issued by the insurers to the Bank contain language limiting coverage of persons over 65, the certificates of insurance issued by the Bank to Thomas contained no reference to an age limitation.
In Plan Investments, Inc. v. Brumfield, 319 So.2d 859 (La.App. 1st Cir. 1975), a similar situation was presented. The court found that the application forms were filled in by the office employees and not by the insured. A failure by the agent to advise the applicant that there was any age limitation affecting his eligibility for credit life insurance was considered a significant factor in finding an absence of intent to deceive.
A failure to explain or inquire of an applicant's health also indicated an absence of intent to deceive in Brasher v. Life Insurance Company of Louisiana, 306 So.2d 321 (La.App. 3d Cir. 1975). When Brasher signed the requests for credit life insurance he was not asked any questions regarding the condition of his health, and he signed no statement about his past or present health. The court found that there was no misrepresentation as to the condition of insured's health and held the insurer bound by the terms of the policy.
Here the trial court concluded that Thomas did not misrepresent his date of birth. An insurer or its agent will not be allowed to misrepresent the age of an insured and then rely on its own fraudulent misrepresentation as a coverage defense. La.R.S. 22:619.
The next issue is whether the Thomas heirs have a right of action against the insurers on whose policies the Bank is named beneficiary. See Albert v. Cuna Mutual Insurance Society, 255 So.2d 170 (La.App. 3d Cir. 1971).
In Albert, the plaintiff was a debtor of a credit union. Group life, health and accident policies provided that Cuna would pay to the credit union the balance on any loans remaining outstanding at the time of death or the total and permanent disability of the member. When Albert became permanently disabled and instituted suit, Cuna contended that Albert lacked the requisite interest to institute suit against Cuna because there was no contractual relationship between them. The court reasoned that the policy covered Albert's health, that it was issued to insure him against loss in the event of disability, and that Albert was an insured under the policy issued by Cuna, with a real and actual interest to entitle him to maintain the action. The court also reasoned that such policies are primarily for the benefit of the insureds, and interpreted the policy as a stipulation pour autrui. Louisiana Civil Code articles 1890, 1902.
We conclude that the Thomas heirs have an interest in the matter sufficient to give them a right of action against the insurers. The decedent was the insured life *1045 under the policies and the proceeds of each policy, even though payable to the Bank, directly benefited the insured's estate.
If Thomas had not been over the age of 65 when the certificates issued, the insurers would have paid the proceeds of the policies to the Bank as the policies directed. The decedent's debt would have been satisfied and no foreclosure proceedings would have been filed by the Bank. That should be the result here, because the Bank or its employees and not the late Thomas made the misrepresentation about his age. We shall amend the judgment to reach such a result.
Accordingly, the judgment is amended to read:
It is ordered that these certificates of credit life insurance on the life of the late B. L. Thomas, Jr., who died on September 10, 1977:
(1) National Alliance Life Insurance Company # 119258issued December 17, 1976, to insure the outstanding balance on a $20,000 note dated January 8, 1975;
(2) Old Republic Life Insurance Company # 24693152issued December 20, 1976, to insure the outstanding balance of $12,612.75 on a note dated July 21, 1976;
(3) National Alliance Life Insurance Company # 119700issued August 5, 1977, to insure the balance of a $25,000 note dated October 16, 1973;
are declared to be valid and enforceable without reduction because of age, against the respective insurers, National Alliance Life Insurance Company and Old Republic Life Insurance Company, and that the proceeds due under each certificate, with legal interest from date of judicial demand, are hereby ordered to be paid to the Bank of Coushatta to apply on the indebtedness of B. L. Thomas, Jr., outstanding as of the date of the death of insured, B. L. Thomas, Jr., subject to credit for amounts previously paid to the Bank of Coushatta.
All other demands of each litigant are hereby rejected. Costs below and here are assessed against the Bank of Coushatta.
As above amended and restated, the judgment below is affirmed.