640 So.2d 822 (1994)
Mildred WASHINGTON, Plaintiff-Appellant,
v.
MONTGOMERY WARD LIFE INSURANCE COMPANY, et al., Defendants-Appellants.
No. 25,921-CA.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1994.
Rehearing Denied August 11, 1994.
Opinion Granting Rehearing for Limited Purpose August 17, 1994.
*824 James Sharp, Jr., Monroe, for appellant.
Brian P. Bowes, Hudson, Potts & Bernstein, Monroe, for appellee.
Before SEXTON, LINDSAY and WILLIAMS, JJ.
WILLIAMS, Judge.
In this insurance contract dispute, the plaintiff, Mildred Washington, appeals a summary judgment rendered in favor of the defendants, Montgomery Ward Life Insurance Company and Connecticut National Life Insurance Company. For the reasons assigned, we reverse and remand.
Plaintiff alleges that on or about January 21, 1987, Matt Troye of Matt Troye Insurance Agency represented to her that he was selling mortgage cancellation insurance. According to the plaintiff, Troye informed her that he had examined the public records and discovered that she owed a mortgage on her home and she may be in need of such coverage. Plaintiff purchased the insurance under the belief that this policy of insurance would cover the balance due on her home in the event of her death or the death of her husband, William Washington. Mr. Washington died on January 5, 1992. At that time, the balance due on their home was approximately $34,421.00.
Plaintiff cites the language that appears on a front cover sheet attached to the policy in support of her position that the insurance was for mortgage cancellation.

Proposal For Mortgage Cancellation Life Insurance.
1. Name: Mrs. Mildred Washington, Insured
2. Name: William W. Washington Co., Insured
3. Address 120 Charlotte Street Monroe, La.
4. Mortgage Amount 38,000.00
5. Policy Number 00514470
6. Riders Family Protection
7. Date of Issue March 20, 1987
Matt Troye Insurance
130 Downing Pines # 22
West Monroe, LA 71291
She asserts this document, along with the verbal commitment by Matt Troye, led her to believe mortgage cancellation coverage would be provided in the event of her death or the death of her husband. Alternatively, plaintiff alleges that she had an oral agreement with the insurance company whereby the company would provide mortgage cancellation insurance.
In response to the plaintiff's claim, defendants filed a motion for summary judgment. On August 18, 1993, the trial court granted the motion and dismissed the plaintiff's suit. Plaintiff appeals.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.
The motion for summary judgment is a procedural device to avoid a full scale trial where there is no genuine factual dispute. The mover for summary judgment has the burden of affirmatively showing the absence of a genuine issue of material fact and any doubt as to the existence of such an issue must be resolved against granting the motion. Ouachita Nat'l Bank v. Gulf States Land & Development, Inc., 579 So.2d 1115 (La.App. 2d Cir.1991), writ denied, 587 So.2d 695 (La.1991).
To satisfy this burden, the mover must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The papers supporting the mover's position are to be closely scrutinized while the opposing papers are to be indulgently treated in determining whether mover has satisfied his burden. When the court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits and attached exhibits, reasonable inferences *825 must be viewed in the light most favorable to the party opposing the motion. Ouachita Nat'l Bank v. Gulf States, supra.
Summary judgment will not be granted even if the trial court has grave doubts as to a party's ability to establish the disputed facts. It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. The weighing of conflicting evidence therefore has no place in summary judgment procedure. Ouachita Nat'l Bank v. Gulf States, supra.
If the supporting documents presented by the moving party are insufficient to resolve all material facts at issue, summary judgment must be denied. If sufficient, the burden shifts to the opposing party to present supporting evidence showing that material facts are still at issue. LSA-C.C.P. Art. 967. A summary judgment is not a substitute for a trial on the merits. Sanders v. City of Blanchard, 438 So.2d 714 (La.App. 2d Cir.1983).
Appellate courts review summary judgment de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
In the instant case, the defendants assert the policy was a life insurance policy payable to William Washington upon Mildred Washington's death in the amount of $25,000.00. They contend Mildred Washington was the insured and William Washington was the beneficiary. They further contend a "family protection rider" was described in the policy which provided a $2,000.00 death benefit in the event of the death of a spouse over the age of thirty-three.
On the date of the hearing on the motion for summary judgment, plaintiff filed a copy of the purported front cover sheet of the policy into evidence to substantiate her claim that defendants' agent represented to her that she was purchasing mortgage cancellation insurance.[1]
The record supports defendants' argument that plaintiff failed to file any opposition to the motion for summary judgment. However, a party opposing a motion for summary judgment is not in every instance required to file counter-affidavits or other receivable evidence in opposition to the motion. Only when the supporting documents presented by the moving party are sufficient to resolve all material fact issues does the burden shift to the opposing party to present evidence showing that material facts are still in dispute. See Manders v. Singleton, 558 So.2d 772 (La.App. 5th Cir.1990).
While we agree with the defendants' argument that the purported policy cover sheet was not timely filed in accordance with LSA-C.C.P. Art. 966(B), we note that a copy of the cover sheet was filed into evidence as an attachment to plaintiff's sworn response to interrogatories several months before the hearing. Thus, the trial court could properly consider this evidence.
We also note that the defendants admitted that their agent, Matt Troye, had prepared the insurance contract cover sheet in question. This admission appears in defendants' memorandum in support of the motion for summary judgment and in an affidavit from defendants' vice-president, John Reizion. However, the defendants contend that Troye did not have the actual or apparent authority to modify the terms of the contract. Except for the affidavit by the defendants' vice-president, no evidence was submitted to show that the agent acted without authority.
Insurers are bound by the acts of their agent. See generally, Tiner v. (Aetna Life Ins. Co., 291 So.2d 774 (La.1974); Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2d Cir.1982), writ denied, 423 So.2d 1183 (La. 1982); Bank of Coushatta v. Thomas, 378 So.2d 1041 (La.App. 2d Cir.1979).
Here, the life insurance policy contract number is the same as the policy contract *826 number the defendants' agent entered on the sheet entitled "Proposal for Mortgage Cancellation Life Insurance." Yet, defendants assert in their answer to plaintiff's petition that they do not even issue mortgage cancellation policies.
A written insurance contract can be reformed to conform to the original intention of the parties thereto, whether for mutual error or for the negligent, mistaken or fraudulent conduct of the agent who issued the policy. If an insurance agent knows of a policyholder's true intention as to the coverage desired, the insurance company is bound by the agent's knowledge, and a policy erroneously issued will be reformed so as to conform to the original intention. Boyter v. Blazer Const. Co., Inc., 505 So.2d 854 (La. App. 2d Cir.1987); Raymond v. Zeringue, 422 So.2d 534 (La.App. 5th Cir.1982); Hebert v. Breaux, 285 So.2d 829 (La.App. 1st Cir. 1973).
The defendants' submissions in support of the motion for summary judgment were insufficient to resolve all existing issues of material fact. Consequently, the defendants' motion for summary judgment was improperly granted.
Accordingly, the summary judgment is reversed and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed against appellees, Montgomery Ward Life Insurance Company and Connecticut National Life Insurance Company.
REVERSED AND REMANDED.

APPLICATION FOR REHEARING Before SEXTON, LINDSAY, HIGHTOWER, BROWN and WILLIAMS, JJ.
Rehearing denied.
Before SEXTON, LINDSAY, HIGHTOWER, BROWN and WILLIAMS, JJ.

Opinion Granting Rehearing for Limited Purpose
PER CURIAM.
We grant a rehearing for the limited purpose of making it clear that we did not intend to hold in the original opinion that Matt Troye was the defendant's agent, as opposed to being an independent broker. This is also an issue to be determined at a trial on the merits.
NOTES
[1] We also note the application for insurance shows that plaintiff already owned a $50,000 life insurance policy and her husband owned a $100,000 life insurance policy through another insurance company.